## HIMMELMANN *v.* SCHMIDT.

THE amendment to the Homestead Act of 1860, which provides, that "No mortgage or alienation of any kind, made for the purpose of securing a loan or indebtedness upon the ⎡homestead property, shall be valid for any purpose whatever," must be strictly construed, and can be applied only to those cases which come clearly within its letter and spirit.

A mortgage on the homestead, executed and delivered after the Act of 1860 went into effect, although invalid at the time of its execution, becomes valid and effectual immediately upon the execution and recording of a declaration of abandonment.

APPEAL from the Twelfth District Court, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Porter & Sawyer*, for Appellant.

The surviving husband had the sole control of the property, and if the second section of the Act of 1860 deprived him of the power to mortgage the property for a loan, the power of otherwise alienating the property was undoubtedly vested in him, and also the power to abandon it as a homestead.  (*Benson* v. *Aitken*, 17 Cal. 163.)

Conceding, for the sake of the argument, to the Act of 1860 all the force claimed for it by defendant's counsel, the plaintiff is the holder of a mortgage given in renewal of a prior one; and if, from

any cause the last is ineffectual, he is entitled to have the original revived for his benefit, and it is the bounden duty of a Court of Equity to aid and enforce his claim. (5 Cal. 456; 10 Id. 385; 9 Id. 107; 13 Id. 530; 11 Id. 190; *White* v. *Sheppard,* 16 Texas, 172.) The Homestead Laws of 1851 and of 1860, so far as they restrain voluntary alienation are unconstitutional and void. (*Gee* v. *Moore,* 14 Cal. 472; *Bowman* v. *Horton,* 16 Id. 213.)

We contend that the abandonment not having been recorded before the mortgage was delivered, does not render the mortgage invalid. The signing, acknowledging, and delivery were good without recording, as between the parties. The only object of recording is to notify third parties. This is the universal construction of the recording law. Record has been universally understood to be a mere mode of giving constructive notice, not to the immediate parties having actual notice, but to the world. (*H. S.* v. *Freeman,* 3 How. 565, and cases cited; *Juan* v. *Ingoldsby,* 12 Cal. 564.) A right of homestead is a mere personal privilege, which may be waived by the party interested. (*Guiod* v. *Guiod,* 14 Cal. 506; *Gee* v. *Moore,* Id. 472; *Bowman* v. *Horton,* 16 Id. 213.)

*John Satterlee,* for Respondent.

The foreclosure of one certain mortgage is sought in this suit. No other is set up by the pleadings, and no other mortgage can be enforced in this suit. Reference to any other is therefore not justifiable in this argument. This mortgage was made upon a homestead, occupied by the mortgagor and his wife until she died, April 11th, 1856, and afterwards up to the trial by him and his and her children. Further dedicated as a homestead by a declaration duly made by him, and recorded May 26th, 1860, as required by the act passed April 28th, 1860. Afterwards, this mortgage was made, and it was invalid for any purpose whatever—so says the statute.

The only case cited by appellant's counsel which would seem to have any bearing upon this, is that of *Cohen* v. *Davis* (20 Cal. 187). But in that case the declaration of homestead had not been made and recorded at the time of the giving of the mortgage, and particular stress is laid upon this fact by the learned Judge who delivered the opinion. The decision, indeed, turned upon that fact.

Himmelmann *v.* Schmidt.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

This is an action to foreclose a mortgage. The defense is that the mortgaged premises were and are the homestead of the mortgagor. To this it is replied, that the homestead claim was duly abandoned, according to the provisions of the statute, before the mortgage was executed. The Court found for the defendant upon the homestead question, and rendered judgment accordingly for the debt alone, without any order for the sale of the mortgaged premises, from which the plaintiff appeals.

From the findings of the Court, it appears that the defendant for several years, while his wife was living, occupied the premises as a homestead; that she died in April, 1856, and he has ever since continued to reside thereon with his four children; that on the twentieth day of October, 1856, he executed a mortgage on the premises for $1,000; and April 25th, 1859, this mortgage was released and a new one given for $1,500, which included the old debt and the sum of $500 then advanced; and on the twenty-fourth day of November, 1860, this second mortgage was released, and the one now sued on given for $2,350, which included the debt secured by the second mortgage, and a still further advance of $850; that the defendant duly made, acknowledged, and recorded his homestead declaration on the twenty-fifth day of May, 1860; that he made his declaration of abandonment of the homestead, which bears date November 26th, 1860, but was not acknowledged and recorded until December 1st, 1860, at ten o'clock, A.M.; the mortgage bears date November 24th, but was not acknowledged and recorded until two minutes past ten o'clock, A.M. of December 1st, 1860. Under these facts, the Court below found as conclusion of law that the mortgage was not a valid incumbrance on the premises.

The Act of 1860, which was in force at the time this mortgage was executed, provides, that "No mortgage or alienation of any kind made for the purpose of securing a loan or indebtedness upon the homestead property shall be valid for any purpose whatsoever;" and it is contended that the present mortgage comes within the

terms of this provision, and is therefore utterly null and void, and cannot be used for any purpose whatsoever. Such a clause, so restrictive upon the right of a citizen to make a contract, must be strictly construed, and can be applied only to those cases which come clearly within its letter and spirit. Only a part of the present mortgage was given to secure a "loan"—that is, the $850 advanced when it was made. The balance of the mortgage, $1,500, was given for the release of a prior valid mortgage upon the property, and as a substitute therefor, and does not therefore come within the letter or spirit of the clause. A Court of Equity, under such circumstances, even if it came within the provisions of the act, would treat it, to the extent of the old mortgage included in it, as a substitute for the former mortgage, and to that extent as a valid incumbrance upon the property. (*Dillon* v. *Byrne,* 5 Cal. 455.)

The defendant, after the death of his wife, had the right and the power to alienate or incumber the homestead by his single deed. (*Revalk* v. *Kraemer,* 8 Cal. 73; *Benson* v. *Aitken,* 17 Id. 163.) It follows, that but for this provision in the Act of 1860, above referred to, the mortgage of the homestead by the defendant would be valid, and constitute an effective incumbrance upon the property.

It is further insisted, that as the declaration of abandonment bears date two days after the date of the mortgage, it cannot validate the mortgage—or, in other words, an abandonment of the homestead after the date of the mortgage cannot make the mortgage a valid incumbrance upon the property. It is evident, that as the abandonment of the homestead was filed for record just previous to the filing of the mortgage, it was the intention of the parties that the former should take effect prior to the latter. The mortgage could only take effect from the time of its delivery, and there is no evidence that it was delivered prior to the execution and recording of the declaration of abandonment.

But whether the abandonment took effect prior to the mortgage or not, it is clear that when the declaration of abandonment did become valid and effectual, and the property thereby ceased to be a homestead, the mortgage immediately became a valid incumbrance upon the premises, and the plaintiff had a right to have the same sold for the payment of his whole debt.

In *Gee* v. *Moore* (14 Cal. 472), the husband and wife had alienated a part of the homestead, but the deed was not acknowledged by the wife. The wife died pending a suit for the possession, and the Court held, that upon the death of the wife, without issue living, the premises ceased to be a homestead, and the purchaser in the prior deed became entitled to the possession; and that upon her death, the right to the enjoyment and use of the premises as a homestead was gone.

In the case of *Bowman* v. *Norton* (16 Cal. 213), the husband had executed two mortgages on the homestead, without the signature of his wife, and they afterwards conveyed the premises by a valid deed duly executed and acknowledged by both, and the premises thereby ceased to be the homestead. The purchaser filed his complaint to quiet his title, as to the asserted claims of the mortgagees; and the Court held that when the premises ceased to be the homestead of the mortgagor, the mortgages immediately became valid incumbrances upon the property, and they ordered the complaint to be dismissed. It was held that the mortgages were not absolutely void, but were invalid only to the extent required for the protection of the husband and wife in the enjoyment of their homestead rights, and that the conveyance was a relinquishment of this homestead right.

Under these decisions it is clear that the mortgage was a valid incumbrance upon the premises, and the Court therefore erred in not rendering a decree for the sale of the property. The judgment is therefore reversed, and the Court below is directed to enter the usual judgment for the amount of the debt, and the foreclosure of the mortgage and the sale of the property mortgaged for the payment of the same.