Crocker, J.
delivered the opinion of the Court—Cope, C. J. concurring.
This is an action to foreclose a mortgage. The defense is that the mortgaged premises were and are the homestead of the mortgagor. To this it is replied, that the homestead claim was duly-abandoned, according to the provisions of the statute, before the mortgage was executed. The Court found for the defendant upon the homestead question, and rendered judgment accordingly for the debt alone, without any order for the sale of the mortgaged premises, from which the plaintiff appeals.
From the findings of the Court, it appears that the defendant for several years, while his wife was living, occupied the premises as a homestead; that she died in April, 1856, and he has ever since continued to reside thereon with his four children; that on the twentieth day of October, 1856, he executed a mortgage on the premises for $1,000; and April 25th, 1859, this mortgage was released and a new one given for $1,500, which included the old debt and the sum of $500 theun^igyaeed; and on the twenty-fourth day of November, jxjoltgage was released, and the one now sued on §ívei^tfe;’$2,350, whilh included the debt secured by the second m<n|tgage^ an<| - ^ ■ farther advance of $850; that the defendant dhly-máde", acknowledged, and recorded his homestead declaration tin the of May, 1860; that he made his declaration o^ abandonmeaiFof the homestead, which bears date November 26®^was not acknowledged and recorded until December 1st, 1860, at ten o’clock, a.m. ; the mortgage bears date November 24th, but was not acknowledged and recorded until two minutes past ten o’clock, a.m. of December 1st, 1860. Under these facts, the Court below found as conclusion of law that the mortgage was not a valid incumbrance on the premises.
The Act of 1860, which was in force at the time this mortgage was executed, provides, that 61 No mortgage or alienation of any kind made for the purpose of securing a loan or indebtedness upon the homestead property shall be valid for any purpose whatsoever and it is contended that the present mortgage comes within the *120 terms of this provision, and is therefore utterly null and void, and cannot be used for any purpose whatsoever. Such a clause, so restrictive upon the right of a citizen to make a contract, must be strictly construed, and can be applied only to those cases which come clearly within its letter and spirit. Only a part of the present mortgage was given to secure a “ loan ”—that is, the $850 advanced when it was made. The balance of the mortgage, $1,500, was given for the release of a prior valid mortgage upon the property, and as a substitute therefor, and does not therefore come within the letter or spirit of the clause. A Court of Equity, under such circumstances, even if it came within the provisions of the act, would treat it, to the extent of the old mortgage included in it, as a substitute for the former mortgage, and to that extent as a valid incumbrance upon the property. (Dillon v. Byrne, 5 Cal. 455.)
The defendant, after the death of his wife, had the right and the power to alienate or incumber the homestead by his single deed. (Revalk v. Kraemer, 8 Cal. 73; Benson v. Aitken, 17 Id. 163.) It follows, that but for this provision in the Act of 1860, above referred to, the mortgage of the homestead by the defendant would be valid, and constitute an effective incumbrance upon the property.
It is further insisted, that as the declaration of abandonment bears date two days after the date of the mortgage, it cannot validate the mortgage—or, in other words, an abandonment of the homestead after the date of the mortgage cannot make the mortgage a valid incumbrance upon the property. It is evident, that as the abandonment of the homestead was filed for record just previous to the filing of the mortgage, it was the intention of the parties that, the former should take effect prior to the latter. The mortgage could only take effect from the time of its delivery, and there is no evidence that it was delivered prior to the execution and recording of the declaration of abandonment.
But whether the abandonment took effect prior to the mortgage or not, it is clear that when the declaration of abandonment did become valid and effectual, and the property thereby ceased to be a homestead, the mortgage immediately became a valid incumbrance upon the premises, and the plaintiff had a right to have the same sold for the paym'ent of his whole debt.
*121 In Gee v. Moore (14 Cal. 472), the husband and wife had alienated a part of the homestead, but the deed was not acknowledged by the wife. The wife died pending a suit for the possession, and the Court held, that upon the death of the wife, without issue living, the premises ceased to be a homestead, and the purchaser in the prior deed became entitled to the possession; and that upon her death, the right to the enjoyment and use of the premises as a homestead was gone.
In the case of Bowman v. Norton (16 Cal. 213), the husband had executed two mortgages on the homestead, without the signature of his wife, and they afterwards conveyed the premises by a valid deed duly executed and acknowledged by both, and the premises thereby ceased to be the homestead. The purchaser filed his complaint to quiet his title, as to the asserted claims of the mortgagees ; and the Court held that when the premises ceased to be the homestead of the mortgagor, the mortgages immediately became valid incumbrances upon the properly, and they ordered the complaint to be dismissed. It was held that the mortgages were not absolutely void, but were invalid only to the extent required for the protection of the husband and wife in the enjoyment of their homestead rights, and that the conveyance was a relinquishment of this homestead right.
Under these decisions it is clear that the mortgage was a valid incumbrance upon the premises, and the Court therefore erred in not rendering a decree for the sale of the property. The judgment is therefore reversed, and the Court below is directed to enter the usual judgment for the amount of the debt, and the foi’eclosure of the mortgage and the sale of the property mortgaged for the payment of the same.