J. Dillon, Appellant, *v.* J. Byrne, Defendant, and Anne Byrne, Intervenor and Respondent.

JOHN DILLON, Appellant, *v.* JOHN BYRNE, Defendant, and ANNE BYRNE, Intervenor and Respondent.

B. bought the premises in controversy, and executed a note in part payment, which was afterward transferred to the plaintiff. Soon after the transfer, the plaintiff loaned B. an additional sum, and took his note and a new mortgage on the same lot, and his interest in another lot, and caused the first mortgage to be canceled and satisfied of record. In a suit to foreclose the mortgage, the wife of B. intervened and claimed the premises as a homestead. *Held*, that the land was liable for the remainder of the purchase money, no matter to what purpose it might be devoted.

The land is charged with a debt, which can only be discharged by payment, voluntary relinquishment, or the acceptance of some new or other security.

The plaintiff is entitled to make out of the lot claimed as a homestead only the actual amount of the purchase money and interest remaining due, and for the excess over such purchase money. he must proceed on his other security, or against the party, but not against the homestead.

Where a new mortgage is executed in lieu of an old mortgage, for the same debt, the execution of the new and satisfaction of the old mortgage, may be regarded as simultaneous acts.

Where a mortgage is a mere security for the purchase money of the property, the debt is not lost by the acceptance of a new mortgage, intended to supply the old one and secure the same debt.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

Bill for foreclosure of a mortgage of certain property in the County of San Joaquin. Anne Byrne, the wife of the defendant, having failed to sign the mortgage, intervened, and claimed a homestead.

The facts material to the points decided, appear in the opinion of the Court.

*A. C. Baine,* for Appellant.

The decree of the Court below was manifestly erroneous: the first mortgage was given by Byrne for the purchase money. His taking the second mortgage was not intended as a relinquishment of his security; he still held the land for the debt. See Comp. Laws, p. 950. 3 Cow., 147. 8 Ib., 76. 5 Johns., 68. 15 Ib., 458. 1 Freeman Ch., 105. 6 Johns. Ch., 393. This is not a case of a vendor seeking to enforce an equitable lien given by the rules of equity.

J. Dillon, Appellant, *v.* J. Byrne, Defendant. and Anne Byrne, Intervenor and Respondent.

*Hall & Huggins*, for Respondent.

The plaintiff being the assignee of the vendor, is not entitled to the equitable lien of a vendor of real estate for unpaid purchase money· 4 Kent's Com., 154. Fish *v.* Howland, 1 Paige, 30. White *v.* Dougherty, 1 Mart. & Yerg., 309. Booue *v.* Murphy, 6 Blackf., 272. Salmon *v.* Hoffman, 2 Cal., 138.

The satisfaction of the mortgage furnishes the highest and most conclusive evidence of an agreement and intention to extinguish it; the parties adopting the most effectual mode provided by law of accomplishing their purpose. Mason *v.* Wickersham, 4 Watts & Serg., 100. Jones *v.* Johnson, 3 Ib., 276. Wetherby *v.* Mann, 11 Ib., 513. Gardiner *v.* Hart, 1 Rich., 601. Van Vleet *v.* Jones, 1 Spencer, 341. Toby *v.* Barber, 5 Johns., 68.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

The plaintiff filed his bill in the Court below to foreclose a mortgage. The facts are substantially as follows: That John Byrne bought the premises in controversy, and executed a note and mortgage in part payment, which was afterward transferred to the plaintiff. Shortly after this transfer, the plaintiff loaned to Byrne an additional sum, and took from him a note and a new mortgage on the same lot, and on his undivided interest in another lot, and caused the first mortgage to be canceled and satisfied of record. It is now sought to evade the latter mortgage, and hold the premises as a homestead.

The statute of this State exempts the homestead from forced sale, except as to mechanics', laborers', or vendors' liens, or mortgages lawfully obtained. It is further provided, that no mortgage, sale, or alienation of said land, shall be valid, except the same is signed by the wife.

There can be no doubt, that by the provisions of the Act just quoted, the land would be liable for the remainder of the purchase money, no matter to what purpose it might be devoted. It is charged with a debt which can only be discharged by payment, voluntary relinquishment, or the acceptance of some new and other security. Has there been any substitution of a new security; or any act of the plaintiff

tending to show a relinquishment of his claim to hold the land subsequent to the mortgage? I think not. The additional loan and the new mortgage, show a disposition to hold the lot for the debt, and in point of law, the execution of the new, and the satisfaction of the old mortgage, may be regarded as simultaneous acts. A Court of Equity will not lend its aid to do an injustice, and assist a party in escaping from a just liability which he has contracted.

The authorities which have been cited in relation to the vendor's lien, have no application in this case: the rights of the parties before us, grow out of the statute.

Treating the mortgage as a mere security for the purchase money, it is evident that the debt could not be lost by the acceptance of a new mortgage intended to supply the old one and secure the same debt.

We are of opinion, that while the land was chargeable for the purchase money, that charge could not be evaded by the execution of any new mortgage, designed to secure the debt. But at the same time we are of the opinion, that no more than the actual amount of the purchase money, and interest remaining due, can be made out of the lot,—and that for the excess, the plaintiff must proceed on his other security, or against the party, but not against the homestead.

The judgment of the District Court is reversed, with directions to enter a decree in conformity with this opinion.