## HANNAH BURNS *vs.* BEZER THAYER.

A mortgagee who was in possession under an entry to foreclose at the date of the passage of the homestead act of 1855, (St. 1855, *c.* 238,) afterwards discharged his mortgage, took a new mortgage for the same amount and gave up possession, the discharge of the old mortgage and the taking of the new one being parts of the same transaction. *Held,* that no estate of homestead was acquired by the mortgagor or his family as against the mortgagee.

WRIT OF ENTRY to recover real estate in Chelsea. Plea, *nul disseisin.* The case was submitted to the superior court on an agreed statement of facts, of which the following is all that is material :

The demandant was the widow of John Burns, who bought the demanded premises of Nathan Matthews on September 15, 1854, and at the same time gave a mortgage back to Matthews to secure payment of a part of the purchase money. Matthews assigned the mortgage to Edward Potter, who took posses-

sion, for the purpose of foreclosure, on April 26, 1855, and on May 21, 1855, recorded a certificate of his entry. In pursuance of an agreement made between John Burns and Potter while Potter was in possession, Burns gave Potter a new note and mortgage of the premises June 16, 1855, and Potter discharged the former mortgage June 29, 1855, and at the same time gave up the possession of the premises to Burns. No part of the principal of the old mortgage was paid at that time, and the new mortgage was substituted for the old one, being given for the amount due thereon, and the. giving of the new mortgage and discharge of the old one were parts of one and the same transaction. Neither mortgage contained a release of homestead. The new mortgage contained a power of sale, but the old one did not. Burns, with his family, resided on the premises until he died in October 1855. The mortgage note was not paid at maturity, and Potter sold the premises, claiming a right to do so under the power of sale in the mortgage, on July 19, 1859, to Charles H. Dow. No affidavit of sale was recorded by Potter. In the deed to Dow, Potter "granted, bargained, sold and conveyed" the premises both as attorney of John Burns and for himself. Dow conveyed the premises to the tenant.

Judgment was ordered for the tenant, and the demandant appealed.

*T. S. Dame,* for the demandant.

*R. M. Morse, Jr., & R. Stone, Jr.,* for the tenant.

CHAPMAN, C. J. The demandant claims a homestead estate in the demanded premises. They were conveyed by Nathan Matthews to her husband September 15, 1854, and at the same time mortgaged back to secure a part of the purchase money. The mortgage was assigned to Potter, who took possession to foreclose the mortgage April 26, 1855, and a certificate of his entry was duly made and recorded. The homestead act of 1855 was passed April 27, and took effect thirty days afterwards. It gave no homestead right to Burns or the demandant as against the mortgage. On June 29, 1855, in pursuance of an agreement between Potter and Burns, the mortgage was discharged, and a

new mortgage was taken for the amount due. The release of the old mortgage and the making of the new one appear to be parts of one transaction only, and the seisin thereby acquired by Burns between the release and the new mortgage was but momentary. Such a seisin would not give his wife a right of dower. *Holbrook* v. *Finney*, 4 Mass. 566. *Clark* v. *Munroe*, 14 Mass. 351. It would not vest in Burns an attachable interest. *Haynes* v. *Jones*, 5 Met. 292. No circumstances are stated, such as existed in *Webster* v. *Campbell*, 1 Allen, 313, to raise a doubt whether the seisin was merely instantaneous. Such a seisin is not an occupation of the premises as a residence, and therefore it is not sufficient to create a homestead estate within the terms of St. 1855, *c.* 238. Indeed, the actual occupation of Burns was under the second mortgage ; and his homestead estate must be regarded as subject to it.

Under a power of sale contained in the mortgage, Potter sold the premises to Dow by a deed which purports to convey all his title to the land, and the tenant is in possession under a conveyance from Dow. The tenant's title constitutes a valid defence to this action, upon the principles stated above, and we have no occasion to consider the other questions that have been argued.

*Judgment for the tenant affirmed.*