By the Court, E. Darwin Smith, J.
The first of the above entitled actions was instituted to stay proceedings upon the foreclosure by advertisement of the mortgage mentioned in the pleadings, and bearing date May 11, 1868, and to cancel and set aside said mortgage as usurious. And the suit secondly entitled was instituted by Shetterly as assignee of the same mortgage, to foreclose it, or, if the court should hold it usurious, then to set aside a satisfaction of a previous mortgage dated November 28, 1864, and foreclose such mortgage; setting- up, further, that the first mentioned mortgage was given and executed as a substitute for the mortgage last mentioned. The referee has found the first mentioned mortgage usurious, and given judgment according to the prayer of the complaint, that the same be cancelled and given up as usurious, and dismissed the complaint in the second suit. These causes were tried together, by the same referee, and the judgments rendered by the referee were based upon the finding in both suits, in form, that the first mentioned mortgage aforesaid was usurious. The referee in the first entitled suit does not state particularly the facts upon which he bases the finding that said bond and mortgage is usurious, but refers to the complaint for the grounds of such report, and finds “that the said bond and mortgage was executed upon the illegal and usurious consideration set forth in the plaintiff’s complaint.” The complaint states the consideration or usurious agreement as follows : “That it was agreed with Edgar Peckham that if the said plaintiff would make Ms bond and mortgage for the sum of $4,314, with interest thereon, and to secure the payment thereof would, with his wife, make, acknowledge and deliver to said Edgar Peckham a mortgage upon lands described in the notice of foreclosure and sale of the mortgages referred to, and in conjunction with said bond and mortgage would also make his negotiable proinissory *615 note for $400 with interest, payable in one year, and deliver the same to the said Edgar, then the said Edgar, in consideration thereof, would advance or would loan money to said plaintiff, to the amount of $4,314, or would pay up, satisfy and discharge a bond made by said plaintiff, upon which there was unpaid the sum of $4,314, and would also procure the owner of the mortgage, which was given to secure the payment of said bond, to cancel, satisfy and discharge the same.”
In the answer to this complaint, in the second entitled suit, the usurious agreement is set out as follows: “The defendant states that on the 11th of June, 1866, (the date of the second mortgage,) the defendant applied to the said Edgar Peckham (the mortgagee) for a loan, or for information where a loan might be procured, and thereupon an agreement was made and entered into between said defendant and the said Edgar Peckham, whereby said Peckham agreed to loan to said defendant about $4,000, or a sum sufficient to pay a bond and mortgage made by said defendant; if said defendant would make and deliver to him his bond for the amount so loaned, with interest, and make and deliver to him also his promissory note for $400 and interest.”
The usurious agreement thus alleged in the pleadings, on the part of Grerwig, the mortgagor, in the two suits, it will thus be seen was an agreement for the loan of $4,314 money by Peckham to said mortgagee, for which he was to receive a bonus, in the said promissory note, of $400.
The undoubted facts and proofs in the case do not establish any such usurious agreement. The proofs and admissions in the pleadings clearly show that the said Edgar Peckham was not a lender of money, and never proposed or agreed to loan money to the said Grerwig, as stated in said pleadings—and had none to loan; but, on the contrary, was in urgent need and want of money himself, and anxious to raise or realize it upon a bond *616 and mortgage held by him,.executed by said Gerwig to Cyrus Peckham, the father of said Edgar, for a debt owing previously to said Cyrus and Edgar; that part of said mortgage was due, and said Edgar was pressing said Gerwig for payment, and that the plan to raise money for their common purpose and benefit was to sell said bond and mortgage; and for that purpose they both applied to one Wagner to buy said bond and mortgage; that upon Wagner’s objecting to said bond and mortgage that they were payable to said Cyrus Peck-ham, and embraced some land not owned at the time when it was given by said Gerwig, it was agreed to make a new mortgage for the amount due upon such former mortgage, covering some other small pieces of land, and to except such piece not really bound by said former mortgage; and that such bond and mortgage to secure $4,314 was accordingly executed to Edgar Peckham as a substitute for such former mortgage payable to said Edgar Peckham, to whom said mortgage belonged, and to whom the money secured thereby was payable in fact. That the mortgage in question was made for this purpose, and to put it into a shape that said Wagner would buy the same, and that the said Edgar Peckham could sell and transfer the same. That said bond and mortgage was given for the precise debt, and the precise amount then due and owing from the said Gerwig on the former bond and mortgage, then held by said Edgar Peckham, and the same was sold by the said Edgar Peckham and assigned to said Wagner at a discount of $800—of which amount said Gerwig paid said Peckham, in his said promissory note of $400, one-half—it being agreed between said Edgar and Gerwig that each should pay one-half of such discount. Wagner afterwards assigned such bond and mortgage to the National Bank of Vernon, and the bank assigned the same to Christian Shetterly, who was the owner and holder thereof when these actions were brought.
*617 The question is, whether this transaction made said bond and mortgage, so given and sold, void for usury.
No question is made that this $4,314 bond and mortgage was given for an honest debt of said Gerwig to Peckham. It was in Peckham’s hands, therefore, in the respects mentioned, a valid mortgage for its full face, and he might sell and dispose of it at his discretion, and. at such price as he pleased. His sale of it to Wagner was,- then, a valid' sale. Wagner had nothing to do or say about any loan of money, but was willing to purchase a bond and mortgage which was “right,” as he said, and free from any legal defence. All the conversations with him on the subject were to this effect, that he would purchase the bond and mortgage if made satisfactory. There is not in the case any such transaction as a loan of money by him, or by Edgar Peckham, to Gerwig. There was no loan of money made or contemplated by any party, and this.ground of usury presented in the pleadings on the part of the said Gerwig, is entirely unsustained. The receipt by Peckham of the $400 for one-half the discount, or shave, (as they call it,) on the sale of the bond and mortgage, was extrinsic to that sale, and to said bond and mortgage. In the case of (Green v. Elmer (4 Seld. 422) the bond and mortgage was made to sell, and contained an excess of $300 over and above the debt for which it was professedly given, to secure the discount or usurious premium on the sale.
While, therefore, I think the judgments cannot be sustained upon the findings of the referee, I am of the opinion that this second bond and mortgage of $4,314 are invalid upon other grounds not taken in the pleadings or findings ; that is, on the ground that the $400 promissory note given to Edgar Peckham by Gerwig, may , be considered as given to said Peckham, and received by him, as a premium for the forbearance and postponement of the debt secured by the $4,000 mortgage—part of this bond and mortgage. One installment of it—of *618 $1,333 and interest—was past dne when the new mortgage was given, and this sum, and the payment of the-whole debt, was postponed in the new mortgage. The $4,000 bond and mortgage was dated November 28,1865, and was payable in three equal installments. The new bond and mortgage was dated June 11, 1866 ; was given for $4,314, payable in four installments ; $1,314 January 1, 1867; $1,000 first of June, 1868; $1,000 January 1, 1869 ; and $1,000 first of January, 1870.
If the $400 had been found by the referee to have been given and received for forbearance of the debt, that would have avoided the new mortgage. But in this view it could only avoid the security, and would revive the original mortgage of $4,000, which was clearly a valid mortgage, and had not been paid, except by the new mortgage.
The plaintiff, Shetterly, I think, is entitled to be subrogated to the rights of his assignor, Edgar Peckham, in respect to such mortgage in his hands; and was entitled to have the satisfaction of such mortgage set aside, and the said mortgage declared unpaid and a valid lien upon the lands embraced in it, for the amount secured thereby, deducting the $400 paid Peckham for such forbearance. (Gerwig has not paid his debt to any one, and he owes it in equity to Wagner or his assignees.)
It is well settled that a valid debt embraced in a usurious security is not discharged, if the debtor elect to set up the defence of usury to the new security. (Cook v. Barnes, 36 N. Y. 520. LaFarge v. Herter, 5 Seld. 241. Rice v. Welling, 5 Wend. 596. McCraney v. Alden, 46 Barb. 272.)
If the view I have taken of the facts is correct, there was no loan of money, and Gerwig was not a borrower of money, within the terms of the statute of 1837, and of section 8 of the Revised Statutes, (wl. 1, p. 772,) relating to the interest upon money, &c. No money was loaned. Gerwig’s bond and mortgage were given *619 for the purchase money of lands and goods, and I do not see why, according to the views of Judge Woodruff, in Williams v. Fitzliugh, (37 JV. T. 45o,) a court of equity when applied to for relief might not, in the first entitled suit, require the payment of the original bond and mortgage of Grerwig for $4,000, which he admits to be a just debt, &c., as a condition of relief, &c. In the case referred to, the mortgage security was doubtless void for usury, and it was so held in all the courts; but it secured several promissory notes not usurious, and the Court of Appeals held that the relief in equity should or might be given on condition that those notes be paid by the plaintiff, who asked the aid of the court to remove the usurious mortgage as a cloud upon his title, &c.
The case is not within the purview of said section 8 of the statute relating to the interest of money, which provides that when a bill is filed “for the discovery of money, goods or things in action, taken or received in violation of either of the provisions of the statute, it shall not be necessary for the borrower to pay or offer to pay any interest on the sum loaned; or the other provision, that the court shall not “require or compel the payment or deposit of the principal sum, or any part thereof, as a condition of granting relief to the borrower, in case of any usurious loan,” &c. Gferwig is not a borrower of money, nor was there any loan of money, in this case. The provisions of this section apply only to loans of money upon which a usurious interest is paid or reserved—when the whole debt is affected and tainted by the usury. In such case, the whole debt is forfeited, and no part of it can be required to be paid as a condition of relief. This provision does not take away from the courts of equity the right to insist on and enforce its original doctrine, that a party who comes into court asking for equity must do equity; and the other *620 doctrine, not to enforce a forfeiture except by express requirement of the legislature.
[Fourth Department, General Term, at Rochester,
April 1, 1873.
Mullin, Talcott and E. D, Smith, Justices.]
Upon these views, I think there should be a new trial in both these cases, with costs to abide the event.
New trials granted.