Walters *et al. v.* Walters.

No. 7805.

## WALTERS ET AL. *v.* WALTERS.

MORTGAGE.—*Heirs of Deceased Mortgagor.*—*Real Estate.*—A mortgage on real estate, made by a decedent in his lifetime, his wife not joining, is good as against his heirs other than the widow, and is good as against her, if given for purchase-money.

SAME.—*Taking of New Mortgage for Old.*—*Lien.*—The taking of a new note and mortgage, by the mortgagee, for the same debt, upon the same lands, will not discharge the lien of the first mortgage, but the lien thereof will be continued in the new mortgage. But, if the new note and mortgage were taken as a payment and satisfaction of the first, or if they were given in settlement of mutual running accounts, of which the first mortgage debt was only a part, the rule would be otherwise.

SAME.—*Consideration.*—*Parol Evidence.*—The consideration of a mortgage may be shown by parol evidence.

From the Cass Circuit Court.

*D. B. McConnell, A. S. Guthrie* and *D. B. Graham,* for appellants.

*M. Winfield* and *Q. A. Myers,* for apppellee.

NEWCOMB, C.—This action was brought by the appellee against the heirs of Joseph Walters, deceased, Rebecca Walters, his widow and administratrix, and John Hines, who was alleged to be a junior mortgagee, to foreclose two mortgages executed by Joseph Walters, in his lifetime, to appellee.

There were demurrers to the complaint, motions for a new trial and in arrest of judgment; all of which present the same questions, in different forms. Exceptions were also taken to the admission of certain evidence upon the trial, and to an instruction given by the court to the jury, which were properly saved by the motion for a new trial.

The first paragraph of the complaint counts upon a mortgage given in 1872, to secure notes amounting to $624, and describes the land as the north-east fourth of the north-west quarter of section 3, town 28, etc., in Cass county.

The second paragraph is on a mortgage executed in 1876, to secure a note of five hundred dollars, and in this mort-

gage the land is described as forty acres off the north-east corner of the north-west quarter of section 3, same township and range.

Both paragraphs allege that the notes therein described were given for the purchase-money of the land mortgaged.

The third paragraph sets forth the making of the two mortgages described in paragraphs one and two, and states that the mortgage and note of 1876 were given in lieu of the notes and mortgage of 1872, and to secure the balance of the same indebtedness.

Each paragraph alleges that, in 1875, Joseph Walters executed to the defendant Hines a mortgage on a part of the same lands, but that the latter had full notice, when he accepted the mortgage, of the prior mortgage to plaintiff, and that the latter was given for the unpaid purchase-money of the real estate in question. Neither the deed of 1872, to Joseph Walters, nor his mortgage of that date, were recorded. It appeared in evidence, though not stated in the complaint, that a subsequent deed was executed by Jacob to Joseph Walters, of the same date of the second mortgage, in which the land was described as it was in the last named mortgage. There seems to have been no controversy between the parties that the description in the second deed and mortgage was the correct one, nor that the first mortgage was intended to embrace the same description as the last.

Rebecca Walters answered, *inter alia*, that she was the widow of Joseph, and his wife at the date of the execution of the several mortgages; that the second mortgage was not given exclusively for purchase-money, but in settlement of accounts, including other items of indebtedness; that she did not join in the execution of either mortgage; that the first mortgage was extinguished by the second, and that she, as widow, was entitled to one-third of the land in controversy.

The defendant Hines set up his mortgage in answer, and denied that he had notice of plaintiff's mortgage, or that the

purchase-money, owing by Joseph Walters, was unpaid. He also filed a cross complaint, praying the foreclosure of his mortgage. Divers issues of fact were formed on the several answers, and the case was submitted to a jury, who found a general verdict in favor of the plaintiff, and, in answer to interrogatories submitted by the defendants, that the mortgage of July 15th, 1876, was given for the purchase-money of the land in controversy, and for no other consideration. So far as the heirs of Joseph Walters, other than his widow, were concerned, the verdict and judgment were clearly right, as the mortgage was good as to them, whether given for purchase-money or some other consideration.

For the widow, it is claimed that the lien of the plaintiff below dates from the execution of the last mortgage only, and that she, not being a party thereto, is entitled to one-third of the land as against the mortgagee. This is the question involved in her demurrers to the several paragraphs of the complaint, and her motions for a new trial and in arrest of judgment.

A widow's rights in lands, purchased by her husband and mortgaged for the purchase-money, are defined by section 31 of the statute of descents as follows: "Where a husband shall purchase lands, during marriage, and shall, at the time of purchase, mortgage said lands to secure the whole or part of the consideration therefor, his widow, though she may not have united in said mortgage, shall not be entitled to her third of such lands, as against the mortgagee or persons claiming under him ; but she shall be entitled to the same as against all other persons." 1 R. S. 1876, p. 413.

The mortgage of 1872 was made at the time of the purchase, and it is clear that the widow can not assert title against the vendor unless the execution of the second mortgage is to be deemed an extinguishment and satisfaction of the debt evidenced by the first. That such was not the intention of the parties, we think evident. The second mort-

gage was made primarily for the purpose of giving a more accurate description of the property mortgaged. The original debt, so far as it was unpaid, remained. The equities of the vendor were the same. No intent was manifested to waive the lien for purchase-money secured by the first mortgage. The surrender of the unpaid notes of 1872, and taking a new note for the balance due, did not of themselves discharge the lien of the first mortgage. *Dumell* v. *Terstegge*, 23 Ind. 397; Jones Mortgages, secs. 555 and 927; *Flower* v. *Elwood*, 66 Ill. 438; *McCormick* v. *Digby*, 8 Blackf. 99; *The Bristol Milling, etc., Co.* v. *Probasco*, 64 Ind. 406. Nor do we think the acceptance of the second mortgage, under the circumstances of the case, was an extinguishment of the lien for the purchase-money secured by the first.

In *Burns* v. *Thayer*, 101 Mass. 426, it was held that where a husband gave a mortgage for the purchase-money of real estate, and this mortgage was afterward discharged, and at the same time, and as a part of the same transaction, a new note and mortgage were given for the same purchase-money debt, the instantaneous seisin of the husband did not operate to give the wife a homestead right in the premises. The court said: "The release of the old mortgage and the making of the new one appear to be parts of one transaction only, and the seisin thereby acquired by Burns, between the release and the new mortgage, was but momentary. Such a seisin would not give his wife a right of dower." And see *Gregory* v. *Thomas*, 20 Wend. 17; *Dillon* v. *Byrne*, 5 Cal. 455; *Swift* v. *Kraemer*, 13 Cal. 526. In this case it is said: "We regard the cancellation of the old mortgages and the substitution of the new, as contemporaneous acts. It was not creating a new incumbrance, but simply changing the form of the old. A Court of Equity, looking to the substance of such a transaction, would not permit a release, intended to be effectual only by force of, and for the purpose

of, giving effect to the last mortgage, to be set up, even if the last mortgage was inoperative.''

In *Packard* v. *Kingman*, 11 Iowa, 219, it was decided that the taking of a new note and mortgage to secure an indebtedness already evidenced by a note, and secured by a mortgage on the same property, does not, even where the first note and mortgage are cancelled, operate to discharge the lien of the first mortgage. See, also, Jones Mortgages, secs. 924 and 927; Story Equity, secs. 1035*c* and 1035*e*. The principle of the foregoing authorities accords with equity and justice; but there is no equity in the claim of the widow that she shall have land for which the vendor has not been paid.

The defendant Hines was an incumbrancer for value, but he took his intermediate mortgage with notice of the plaintiff's prior lien, and that the latter was for purchase-money. By the authorities above cited, his equity is subordinate to that of the appellant. The very point in his case was decided in *Gregory* v. *Thomas* and *Dillon* v. *Byrne, supra*. And see *Houston* v. *Houston,* 67 Ind. 276; *Christie* v. *Hale*, 46 Ill. 117; *Shaver* v. *Williams*, 87 Ill. 469.

The court gave the following charge to the jury, to which the defendant Rebecca Walters excepted:

''The taking of a new note and mortgage, by the mortgagee from the mortgagor, for the same debt upon the same lands, would not discharge the lien of the first mortgage, but that lien would be continued in the new mortgage. This would be otherwise if the second debt was created by the parties getting together and having a settlement of mutual running accounts and other debts, among which was the first mortgage debt, and a balance is found due the plaintiff; this balance, being put in a new note and mortgage, that would form a new consideration, and the lien of the first mortgage would be divested; or if, at the time the second mortgage was taken, it was the agreement and understand-

ing that it was to be in full payment and satisfaction of the first mortgage, that would operate as a cancellation of the first mortgage." We regard this instruction as a correct statement of the law, and unobjectionable.

Objection was also made at the trial to the admission of oral evidence as to the consideration of the mortgages to appellant. There was no error in this. The rule, that the consideration of a written contract may be proven by parol, is too well settled to require the citation of authorities.

Among the causes for a new trial, filed by the defendant Hines, was an alleged error of the court in sending the jury back to their room to amend their verdict, after the same had been read in open court, and in permitting the jury to amend their verdict, by finding for him on his cross complaint; but, as there is nothing in the bill of exceptions to show that this was done, the question is not before us.

Much research and ability have been displayed by counsel in discussing the question whether the acceptance by Jacob Walters of the mortgages we have considered was or was not a waiver of his equitable vendor's lien. We have not considered that question, as it does not arise in the case. The action is one of foreclosure of a mortgage, and we have viewed it in that light only. The complaint is not predicated on a vendor's equitable lien. The cause was justly decided below, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and is hereby, in all things, affirmed, at the costs of the appellants.