Pouder *et al. v.* Ritzinger *et al.*

---

### No. 11,682.

### Pouder et al. *v.* Ritzinger et al.

Mortgage.—*Cancellation.*—*Taking New Mortgage Will not Discharge Lien of First.*—The taking of a new note and mortgage by a mortgagee from a mortgagor, for the same debt, upon the same land, will not discharge the lien of the first mortgage, but such lien will be continued in the new mortgage, even if the first be cancelled.

Same.—*Married Woman.*—*Judicial Sale.*—*Act of March 11th, 1875.*—*Foreclosure.*—Where a mortgage was executed by a husband alone prior to August 24th, 1875, the date of the taking effect of the act of March 11th, 1875, in relation to the rights of a married woman upon a judi-

cial sale of her husband's lands, and after the taking effect of such act said mortgage is cancelled and a new one for the same debt executed by such husband upon the same land, the mortgagee's rights upon foreclosure remain as they were prior to such act.

From the Marion Superior Court.

*B. Harrison, C. C. Hines, W. H. H. Miller, J. B. Elam, C. A. Ray, F. Knefler* and *J. S. Berryhill,* for appellants Tate.

*W. D. Bynum* and *A. T. Beck,* for appellants Pouder.

PER CURIAM.—While a member of the Supreme Court Commission, Judge BICKNELL wrote an opinion reversing the judgment in the above entitled cause. That opinion, until now, has been held under advisement by the court. It is now adopted as the opinion of the court, and the judgment is reversed at the costs of appellants Pouder and Pouder, and the cause is remanded, with instructions to overrule the demurrer of Frances Pouder to the answer of Warren Tate and wife, to her cross complaint. The opinion is as follows:

BICKNELL, C. C.—In 1871, Milton Pouder and one Jordan owned adjoining tracts of land, and they jointly mortgaged the same to Brock to secure $8,000, $4,000 for Pouder and $4,000 for Jordan. In this mortgage Pouder's wife joined. The $4,000 were borrowed by Pouder for the purpose of building on his land, and were used for that purpose. In May, 1875, Pouder mortgaged his said land to Tate to secure borrowed money. In this mortgage Pouder's wife did not join.

The act of March 11th, 1875 (Acts 1875, p. 178), in relation to the rights of a married woman upon a judicial sale of her husband's lands, took effect on August 24th, 1875. Therefore, Tate's mortgage was not governed by that act, and a decree foreclosing it would have required the sale of the entire property, if necessary, and the purchaser of the entire property would have taken it subject to Mrs. Pouder's inchoate right to one-third of it, to become consummate if she

should survive her husband. *Helphenstine* v. *Meredith*, 84 Ind. 1.

When Pouder's mortgage to Brock became due, Pouder was unable to pay his part of it, and it was cancelled, and Pouder and wife, in place thereof, gave Brock a new mortgage for $4,000, upon his land aforesaid. At the same time Tate, in order to give the new mortgage to Brock the same priority held by the old one, cancelled his aforesaid mortgage, and took a new one from Pouder for the same amount and on the same property as the old one. In this new mortgage to Tate, Mrs. Pouder did not join. This substitution of mortgages occurred on February 12th, 1876. The mortgage last mentioned was foreclosed by Tate, and at the foreclosure sale he and his wife jointly bought in the property and took the sheriff's certificate, showing a sale to them of all Milton Pouder's interest in the premises. The appellees then, as assignees of Brock, commenced the present suit to foreclose the second mortgage given to Brock by Pouder and wife as aforesaid.

Mrs. Pouder filed a cross complaint in which she claimed a decree, that the undivided two-thirds of the mortgaged premises should be first sold to satisfy said mortgage debt, and that if the proceeds of said two-thirds should be sufficient to pay said debt and costs, the undivided one-third should be exempt from sale.

Tate and wife were made defendants to this cross complaint, and they answered it, stating the facts as aforesaid, and averring that the said new mortgages were only continuations and extensions of the same security for the same debts mentioned in the first mortgages, and claiming that the decree of foreclosure ought to require the sale of the entire premises at once, if necessary.

Mrs. Pouder's demurrer to this answer of Tate and wife to her cross complaint was sustained, and Tate and wife excepted and elected to stand by their answer.

The cause was tried at special term upon the other issues,

and the court, in its decree of foreclosure, ordered that the undivided two-thirds of the premises should be first offered for sale, and if the proceeds thereof should be sufficient to satisfy the judgment, then the remaining undivided one-third should be fully discharged from the claims of the parties, and be vested absolutely in Mrs. Pouder, and that if no bid should be received for said two-thirds, sufficient to satisfy the judgment, then the said mortgaged premises should be offered for sale as a whole.

From this judgment the defendants appealed to the general term; there the judgment was affirmed, and the said defendants appealed to this court. Here the usual error is assigned, but the appellants discuss one only of the errors assigned in the general term, to wit: " That the court in special term erred in sustaining the demurrer of Mrs. Pouder to the answer of Warren Tate and wife to her cross complaint."

Ordinarily, upon the foreclosure of a mortgage of the husband's lands, since August 24th, 1875, his wife, at the foreclosure sale, would become seized of the undivided one-third thereof, and would be entitled to a decree that the other undivided two-thirds be first sold to pay the mortgage debt, and that her undivided one-third be not sold, unless the proceeds of the undivided two-thirds should fail to satisfy the debt. *Taylor* v. *Stockwell*, 66 Ind. 505; *Elliott* v. *Cale*, 80 Ind. 285; *Riley* v. *Davis*, 83 Ind. 1; *Summit* v. *Ellett*, 88 Ind. 227; *Medsker* v. *Parker*, 70 Ind. 509; *Leary* v. *Shaffer*, 79 Ind. 567; *Grave* v. *Bunch*, 83 Ind. 4; *Hardy* v. *Miller*, 89 Ind. 440; *Main* v. *Ginthert*, 92 Ind. 180.

The only question is, whether, by reason of the facts aforesaid, the mortgagees had the same rights in the foreclosure of their mortgages as if the same had been executed before the act of 1875, aforesaid, had taken effect?

This question is settled by the decision of this court in *Walters* v. *Walters*, 73 Ind. 425, and the cases there cited. The court there said: " Nor do we think that the acceptance of the second mortgage, under the circumstances of the case,

was an extinguishment of the lien for the purchase-money se-- cured by the first." The court cited with approbation the. following language of the Supreme Courts of Massachusetts and California:

"The release of the old mortgage and the making of the new one appear to be parts of one transaction only, and the seizin thereby acquired by Burns, between the release and the new mortgage, was but momentary. Such a seizin would not give his wife a right of dower." *Burns* v. *Thayer*, 101 Mass. 426. "We regard the cancellation of the old mortgages and the substitution of the new, as cotemporaneous acts. It was· not creating a new encumbrance, but simply changing the form of the old. A court of equity, looking to the substance of such a transaction, would not permit a release, intended to be effectual only by force of, and for the purpose of, giving effect to the last mortgage, to be set up, even if the last mortgage was inoperative." *Swift* v. *Kraemer*, 13 Cal. 526.

In *Packard* v. *Kingman*, 11 Iowa, 219, it was held that the taking of a new note and mortgage to secure an indebted-- ness, already existing by note and secured by a mortgage on the same property, does not, even where the first note and mortgage are cancelled, operate to discharge the lien of the first mortgage. The principle of these decisions is recognized in Jones Mortg., sections 924, 927, and in Story Eq., sections· 1035*c* and 1035*e*.

The foregoing authorities show that the taking of a new note and mortgage by a mortgagee from a mortgagor, for the same debt, upon the same land, will not discharge the lien of the first mortgage, but such lien will be continued in the new mortgage, even if the first mortgage be cancelled. In the· present case, therefore, the liens continued to exist as created: prior to the statute of 1875, *supra,* and their enforcement by foreclosure was not affected by that act. *Helphenstine* v. *Meredith, supra.*

It follows that the court below in special term erred in sus-- taining the demurrer of Mrs. Pouder to the answer of War--

ren Tate and wife to her cross complaint, and that the court in general term erred in affirming the judgment of the court in special term.

The judgment ought to be reversed.

Filed May 12, 1885; petition for a rehearing overruled Nov. 5, 1885.