[No. 9537. *En Banc.* March 21, 1912.]

# AMERICAN SAVINGS BANK & TRUST COMPANY, *Respondent*, v. GEORGE B. HELGESEN *et al., Appellants.*[1]

MORTGAGES—EXECUTION—SIGNING — ACKNOWLEDGMENT — ADOPTION OF SIGNATURE—INTENTION. Under Rem. & Bal. Code, § 8746, requiring deeds to be signed and making the acknowledgment a necessary part of its execution, the acknowledgment of a mortgage which the mortgagor inadvertently omitted to sign, and her intention to sign, is not equivalent to, or a substitute for, an actual signing, which is required by the statute in order to pass title, nor can it be said that she intended to adopt as her signature her name written in the mortgage as the grantor (overruling, on rehearing, Id., 64 Wash. 54. DUNBAR C. J., PARKER, and MOUNT, JJ., dissenting).

MORTGAGES—RENEWAL—RELEASE—MISTAKE IN EXECUTION—EQUITABLE SUBSTITUTION. Where new notes and a mortgage were given, not in satisfaction, but in renewal of a former mortgage on the same security, and the cancellation of the old and substitution of the new mortgage were contemporaneous acts, equity, looking to the substance rather than the form, will, when the new mortgage is found ineffectual for want of proper execution, disregard the release as failing for want of consideration, and substitute the old mortgage as a continuing lien securing the continuing debt, as between the parties, by a doctrine akin to equitable subrogation.

EXECUTION—SALE—PURCHASERS—BONA FIDE PURCHASERS. An execution creditor purchasing at his own sale is not a *bona fide* purchaser and takes only the actual interest of the judgment debtor; so that, upon the equitable substitution, as between the parties, of an old mortgage, consideration for the release of which had failed through defects in the execution of a renewal mortgage by the judgment debtor, the lien of the old mortgage is restored taking its former priority over the lien of the judgment.

MORTGAGES—FORECLOSURE — RENEWAL — EQUITABLE SUBSTITUTION. Upon the foreclosure of a void mortgage, given in renewal of a former mortgage, upon the same security, a decree foreclosing the void mortgage may be sustained, as between the parties, by the equitable substitution of the old mortgage as a continuing lien securing the continuing debt, without the necessity of a new trial (FULLERTON and CHADWICK, JJ., dissenting).

Appeal from a judgment of the superior court for Mason county, Mitchell, J., entered January 20, 1911, upon findings

[1]Reported in 122 Pac. 26.

in favor of the plaintiff, after a trial on the merits before the court without a jury, in consolidated actions upon promissory notes and for the foreclosure of mortgages. Affirmed.

*George W. Bright*, for appellant Helgesen.

*Hamlin & Meier*, for appellants Erickson.

*Farrell, Kane & Stratton*, for respondent.

### On Rehearing.

Ellis, J.—This is an action by the American Savings Bank & Trust Company for the foreclosure of a mortgage upon certain property in Mason county. George B. Helgesen was made a defendant as owner of the land by virtue of purchase under an execution sale upon a judgment in his favor against the defendants Erickson and wife. The record presents a contest for priority between the mortgage and Helgesen's title. The trial court adjudged the mortgage the paramount lien. On appeal, department one of this court, by an opinion filed July 6, 1911, affirmed that judgment. *American Savings Bank & Trust Co. v. Helgesen*, 64 Wash. 54, 116 Pac. 837. We refer to that opinion for a very complete statement of the facts, which it will not be necessary to repeat here.

On a rehearing *en banc*, a majority of the court are satisfied that a correct result was reached in the former opinion. Those of us who concur in this opinion believe, however, that the former opinion was based upon an untenable ground, and one which would tend to render the tenure of land insecure. The finding that the bank was an innocent holder for value of the original notes and mortgage given by Erickson and wife to Mrs. De Wees, we think correct as sustained by the evidence, as was, also, the finding that the new notes and mortgage given in renewal of these were without marks of usury and innocently taken by the bank. But we are constrained to hold that Mrs. Erickson never executed, either in fact nor by any safely established rule of adoption, the new

mortgage upon the land, though she unquestionably intended to sign the mortgage and actually did execute the new notes. As said in the dissenting opinion on the first hearing:

"Her failure to sign the mortgage was due entirely to an inadvertence and oversight. An intention to sign an instrument cannot be held equivalent to an actual signing of the instrument. If she intended to sign her own name to the mortgage and failed to do so by inadvertence, it would seem conclusive that she did not intend to adopt her name written by another as her signature."

The two intentions are manifestly inconsistent. Her subsequent signing of the mortgage further emphasizes this inconsistency.

It does not follow, however, that, on the whole evidence, the judgment lien by virtue of which Helgesen claims title should be given precedence of the mortgage. The cancellation of the old mortgage and the substitution of the new were contemporaneous acts. The manifest intention of all parties interested and participating was not to discharge the lien of the mortgage but to continue it. The purpose was not to create a new encumbrance, but merely to change the form of the old. A court of equity will look straight to the substance of the transaction, rather than give heed to the mere form which it may assume. As between the parties, it would be plainly inequitable to permit the release of the old mortgage, which was intended only to give place for a valid new one, to have any operative force when the new mortgage contrary to all intention was ineffectual. The new notes and mortgage were not given in satisfaction, but in renewal of the debt and on the same security. By a doctrine closely akin to that of equitable subrogation—and it seems to us one founded in equal equity and reason—the old mortgage though released must be substituted for the new and treated as a continuing lien securing the continuing debt. This is certainly true as between the original parties. The new mortgage failing, the release was without consideration and also fails.

"We regard the cancellation of the old mortgages and the substitution of the new, as contemporaneous acts. It was not creating a new incumbrance, but simply changing the form of the old. A court of equity, looking to the substance of such a transaction, would not permit a release, intended to be effectual only by force of, and for the purpose of, giving effect to the last mortgage, to be set up, even if the last mortgage was inoperative." *Swift v. Kraemer*, 13 Cal. 526, 73 Am. Dec. 603.

See, also, *Dillon v. Byrne*, 5 Cal. 455; *Birrell v. Schie*, 9 Cal. 104. The foregoing language is quoted with approval by the supreme court of Indiana in *Pouder v. Ritzinger*, 102 Ind. 571, 1 N. E. 44, a case closely approaching this in principle. In that case, as here, the old mortgage was released, the mortgagee taking a new mortgage in its place to secure the same debt. The court held that equity would continue the old mortgage by substitution for the new in order to cut off an intervening claim of dower in the wife of the mortgagor. The same equitable principle that land charged with a debt can only be discharged therefrom by payment or a voluntary and intentional release, is, under varying circumstances, exemplified in the following decisions: *Burns v. Thayer*, 101 Mass. 426; *Gerwig v. Shetterly*, 64 Barb. 620; *Christie v. Hale*, 46 Ill. 117; *Jones v. Parker*, 51 Wis. 218, 8 N .W. 124; *Crippen v. Chappel*, 35 Kan. 495, 11 Pac. 453, 57 Am. Rep. 187; *Hazleton v. Lesure*, 9 Allen 24; *McKay v. Obenchain*, 58 Miss. 670; *Young v. Shaner*, 73 Iowa 555, 35 N. W. 629, 5 Am. St. 701; *Bruse v. Nelson*, 35 Iowa 157; *Campbell v. Trotter*, 100 Ill. 281; *Hutchinson v. Swartsweller*, 31 N. J. Eq. 205; *McKenzie v. McKenzie*, 52 Vt. 271; *Stafford v. Ballou*, 17 Vt. 329; *Wooster v. Cavender*, 54 Ark. 153, 15 S. W. 192, 26 Am. St. 31.

It seems too plain for argument that the mortgagors, Erickson and wife, could not assert any rights founded upon a release of the prior mortgage. A little consideration makes it equally plain that the appellant Helgesen stands in no better position than the Ericksons. He claimed under a judg-

ment lien. He was an execution creditor purchasing at his own sale. Under the established rule in this state, he was not a *bona fide* purchaser. He took no greater rights than the execution debtor had. His judgment was a lien upon the real, not the apparent interest of the debtor.

"It is conceded that in this state the judgment is a lien on the real, and not the apparent, interest of the debtor; so that, if the appellant prevails in this action, he must bring himself within the provisions of. the statute in relation to *bona fide* purchasers. 1 Hill's Code, § 1439. On the question of whether an execution creditor purchasing at his own sale is a *bona fide* purchaser, within the meaning of the recording act, there is an acknowledged conflict of authority. But it is not necessary to discuss the relative merits of these authorities, for this court has uniformly held that such· purchaser was not a *bona fide* purchaser, although the appellant has placed a different construction upon such decisions. The decisions, however, show conclusively that the court has made no distinction in principle between purchasers of personal and real property." *Hacker v. White*, 22 Wash. 415, 60 Pac. 1114, 79 Am. St. 945.

And again:

"The principal thought which we had in mind at the time was that under the well settled rule applicable to such sales the title derived by the purchaser is measured by the real, and not the apparent, title of the judgment debtor, and that, as under the facts disclosed by the record the judgment debtor was not in a condition to assert any rights as against the mortgage in question, or the deed made in satisfaction thereof, the purchaser at such sale took subject thereto." *Elwood v. Stewart* (on petition for rehearing), 5 Wash. 736, 32 Pac. 735, 1000.

See, also, *Woodhurst v. Cramer*, 29 Wash. 40, 69 Pac. 501; *Rohrer v. Snyder*, 29 Wash. 199, 69 Pac. 748; *Bloomingdale v. Weil*, 29 Wash. 611, 70 Pac. 94; *Lee v. Wrixon*, 37 Wash. 47, 79 Pac. 489; *Dawson v. McCarty*, 21 Wash. 314, 57 Pac. 816, 75 Am. St. 841.

"This rule, which is plainly correct, as being in accordance with principle and preserving the consistency and symmetry

of the equity jurisprudence, has been adopted and firmly established by the courts in many of the states." 2 Pomeroy, Equity Jurisprudence (3d ed.), § 721, note 2c, citing many decisions; *London & San Francisco Bank v. Dexter Horton & Co.*, 126 Fed. 593.

Whatever may be said of the reason given in the original opinion, we are satisfied, upon the considerations herein expressed, that the conclusion there reached was correct.

The judgment is affirmed.

MORRIS, GOSE, and CROW, JJ., concur.

PARKER, J. (concurring)—I concur in the views expressed in this opinion as to the new grounds upon which the judgment is affirmed; but do not recede from the position taken in the former opinion rendered by department one.

MOUNT, J., concurs with PARKER, J.

DUNBAR, C. J. (concurring)—I want to affirm this judgment for the reasons given in the first opinion.

FULLERTON, J. (dissenting)—I am unable to concur in the foregoing decision. Since the court now holds that the mortgage sued upon was never executed by Mrs. Erickson "either in fact or by any safely established rule of adoption," it should not allow the judgment foreclosing the mortgage to stand. The property mortgaged was the community property of Erickson and wife. As such, it could not be encumbered by the lien of a mortgage without both husband and wife joining in the execution of the mortgage. Since, therefore, this mortgage was not executed by both husband and wife, it is void, and the effect of allowing the judgment to stand is to allow the foreclosure of a void mortgage. This is sought to be justified on the principle that there was a valid mortgage, good as between the parties, because they executed it, and good as against the Helgesens because they are purchasers at an execution sale and can have no better title than judgment debtors, which could have been fore-

closed. But it seems to me that this reasoning does not answer the objection. In the first place, it assumes that there is no defense to the first mortgage, a question that neither of the parties have as yet had a chance to litigate; and in the second place, it is not good practice to permit the foreclosure of an invalid mortgage merely because there is a valid one existing securing the same debt which could be foreclosed. If the debt sued upon is not to be voided entirely, the case should go back with leave to the plaintiff to foreclose the original mortgage, if it so desires, and with leave to the defendants to set up such defenses thereto as they may have.

I have not discussed the merits of the controversy. I am of the opinion, however, that the evidence abundantly shows that the plaintiff bank had knowledge of the usurious character of the notes at the time it claims to have purchased them; but as this is a question important only to the litigants themselves, I refrain from setting out the reasons for my belief.

The cause should be remanded for further hearing.

CHADWICK, J., concurs with FULLERTON, J.