## HOLT *v.* BAKER & *a.*

A mortgage, paid and discharged with money borrowed of a third party upon the promise of a first mortgage as security for the loan, the discharge

being recorded, and the lender having no actual notice of a recorded second mortgage, will not be upheld against the holders of the second mortgage, who have received it in good faith with notice of the discharge of the prior mortgage, and without notice of the agreement under which the money with which it was paid was borrowed.

The holder of a mortgage given to secure the money borrowed to discharge the prior of two existing mortgages cannot recover the land as against the second mortgagee.

WRIT OF ENTRY, on a mortgage. Facts found by a referee. The demanded premises were mortgaged to Edward P. Kimball, June 17, 1871, and by the defendant, Baker, subject to the Kimball mortgage, to Wm. P. Chamberlain, January 11, 1872. These mortgages were recorded at their dates. July 2, 1872, Baker borrowed $800 of the plaintiff upon his note, under a promise that he should have a first mortgage of the premises as security. The plaintiff had no knowledge or notice of the existence of the Chamberlain mortgage until this suit was brought. With the money borrowed of the plaintiff Baker paid the Kimball mortgage, July 8, 1872, and Kimball signed a discharge upon it, which was recorded July 12, 1872, and September 12, 1872, Baker executed and delivered to the plaintiff a mortgage of the premises to secure the $800 borrowed of him, and which Baker supposed would take the place of the Kimball mortgage, and have precedence of the Chamberlain mortgage.

The defendants, Burnap and Taft, without knowledge of the arrangement between the plaintiff and Baker, and having learned from Kimball that his mortgage was paid and discharged, and from their agents employed to examine the records that the Chamberlain mortgage was first on the property, took an assignment of it June 9, 1874, which was recorded July 3, 1874. Both parties claimed judgment.

*Lane*, for the plaintiff.

*Faulkner*, for the defendants.

ALLEN, J. The plaintiff's mortgage is subsequent to that of the defendants', Burnap and Taft, and he cannot prevail in this suit unless the transaction between him and Baker may be treated as an equitable assignment to him of the Kimball mortgage, and uphold it as prior to the defendants' mortgage. The payment of the amount due upon a mortgage, by the owner of the equity of redemption or by one having an interest to protect, will extinguish the mortgage, or operate as an assignment, according to the justice of the case and the interest of the parties ; and the intention will be presumed to correspond to the interest of the parties, unless a contrary intention is already expressed or necessarily implied from the form and nature of the transaction. *Bell* v. *Woodward*, 34 N. H. 96 ; *Robinson* v. *Leavitt*, 7

N. H. 100; *Rigney* v. *Lovejoy*, 13 N. H. 252. When an equitable assignment is effected, the person paying the mortgage is substituted in place of the mortgagee, and has the latter's rights under the mortgage.

The plaintiff does not bring his case within the principle of the cases cited. He did not own and was not purchasing the equity of redemption in the land, and then paying the prior mortgage without notice of the subsequent one. He did not own a subsequent mortgage, and pay the prior one with the defendants' mortgage intervening. He had no interest in or security on the estate to protect, but made a loan of money to Baker, on his statement that he was borrowing the money to pay the Kimball mortgage, and that the plaintiff should have a first mortgage on the land as security. By loaning the money to Baker, and trusting him to furnish security as good as the Kimball mortgage, he enabled him to make a record of the discharge of that mortgage, and postpone his security to the defendants' mortgage. The defendants, Burnap and Taft, purchased their mortgage on the faith of a record showing the discharge of the Kimball mortgage and no prior incumbrance, and neither they, nor their assignor Chamberlain, had any notice of the plaintiff's transaction with Baker. If the parties are equally innocent, and one must suffer from the conduct of Baker, the plaintiff, who enabled him to occasion the loss, should sustain it.

Applying equitable principles, as is done in a writ of entry on a mortgage,—*Bell* v. *Woodward*, 34 N. H. 96,—equity cannot be invoked in aid of one innocent party at the expense of another. The defendants had an equity as strong, at least, as that of the plaintiff, and the parties must be left where the law found them,—the defendants with a prior and the plaintiff with a subsequent mortgage— *Qui prior est tempore, potior est jure.* 1 Story Eq. Jur., s. 413. The justice of the case does not require that the defendants' mortgage should be postponed to the plaintiff's subsequent mortgage, nor that a prior mortgage, discharged on the record, should be revived against them.

There must be judgment for the defendants, unless the plaintiff elects to pay their mortgage,—in which case he may take conditional judgment against Baker for the amount of both mortgages.

Foster, J., did not sit.