Sullivan,
Oct. 2, 1917.

ROBERT ROSSITER *v.* BEATRICE SANAGHIARO & a.

WILLIAM P. SWEENEY *v.* SAME.

RAND, BALL & KING CO. *v.* SAME.

JAMES KINIRY *v.* SAME.

CLAREMONT ICE & LUMBER CO. *v.* SAME.

The discharge of a mortgage will be treated as an assignment, when justice so requires.

ASSUMPSIT. Five actions to enforce liens for materials sold to the defendant Roberto Sanaghiaro, and used by him in the erection of a house on land standing in the name of his wife. He bought the land April 6, 1916, and on the 12th mortgaged it to one Salvatore for $1500. At the time the mortgage was executed, a partial excavation for the cellar of the proposed building had been made and the construction of the forms for concrete cellar walls had been commenced. On July 7, Roberto paid Salvatore with money he borrowed from the defendant Sciarra. The Salvatore mortgage was discharged and Roberto gave Sciarra a new mortgage on July 7 for $1800; a few days later the property was attached in these suits. Upon that date building operations were in progress upon the premises and the building had been so far completed that the property was worth at least $2,000. The court found that the land was

Roberto's and that Sciarra's mortgage was subject to the plaintiffs' liens, and he excepted.    Transferred by *Branch*, J., from the November term, 1916, of the superior court.

*Henry S. Richardson* and *Hurd & Kinney* (*Mr. Richardson* orally), for the plaintiffs.

*Jesse M. Barton, Hosea W. Parker, T. A. O'Leary* (of Massachusetts) and *Francis W. Johnston* (*Mr. Barton* orally), for the defendants.

YOUNG, J.    There was evidence admitted without exception which tended to prove that Roberto paid for the land and caused it to be conveyed to his wife to defraud his creditors; consequently Sciarra takes nothing by his first exception.

The materials for which the plaintiffs are seeking to recover in these suits had all been delivered before the Salvatore mortgage was discharged, and there is no evidence that any of the plaintiffs did or omitted to do anything they would not have done or omitted, if that mortgage had been assigned to Sciarra.    It cannot be found, therefore, that it will harm the plaintiffs to treat the discharge as an assignment, or benefit Sciarra at their expense, for there is no evidence which even tends to the conclusion that he understood when he loaned Roberto the money that his mortgage was to be subject to the plaintiffs' liens.    The discharge, therefore, should be treated as an assignment, if that is the reasonable thing to do; for a discharge is always so treated when that is necessary to do justice. *Laconia Sav. Bank* v. *Vittum,* 71 N. H. 465; *Internat'l Trust Co.* v. *Company,* 70 N. H. 118; *Hammond* v. *Barker,* 61 N. H. 53; *Holt* v. *Baker,* 58 N. H. 276.    The question, therefore, raised by the defendants' second exception is whether it conclusively appears that the discharge should be treated as an assignment, for while it is true that the question of what justice requires is one of fact, it is also true that whether there is any evidence to sustain a finding is a question of law, in the sense that it is a question for this court.

The evidence relevant to the issue of how the discharge should be treated consists of the facts that treating the discharge as an assignment does not harm the plaintiffs, while refusing to so treat it enriches them at Sciarra's expense.    The only reasonable conclusion that can be drawn from these facts is that the discharge should be treated as an assignment.    Sciarra's second exception

must therefore be so far sustained that in marshalling the claims against the property the Salvatore mortgage will be treated as though it had been assigned to him.

*Case discharged.*

All concurred.