WILLIAM CAMPBELL *et al.*

*v.*

MILTON TROTTER.

*Filed at Springfield September 30, 1881.*

MORTGAGE—*satisfaction, when set aside and original rights restored.* Where a mortgagee, for the purpose of extending the time of payment, took new notes secured by a new mortgage on the same land, giving up the old notes, and entering satisfaction of the old mortgage, in ignorance of the fact that the mortgagor had, only a day or two before, given another mortgage to a third person, which was on record at the time, it was *held*, that in equity his lien on the land was not made subordinate to that of the intervening mortgage, but the court, on bill, would reinstate his prior lien; and the fact that the new notes were, by mistake in calculation, taken for more than was due on the old ones, would not prevent such relief, nor would the fact that by the new notes interest was obtained on interest already due.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Cass county; the Hon. ALBERT G. BURR, Judge, presiding.

Messrs. POLLARD & PHILLIPS, for the appellants:

In determining whether the lien of the old mortgage was extinguished, two questions are to be considered: *first,* was it the intention of Trotter, at the time, to release the old mortgage and rely upon the security of the new one; and, *second,* did he gain a substantial advantage by the new mortgage that he would not have enjoyed under the old.

The intention is the controlling consideration, and the court will look into all the circumstances of the case to ascertain his real intentions. If the party intends to discharge the incumbrance, and does so, he will be bound by the act. *Campbell* v. *Carter,* 14 Ill. 286; *Holman* v. *Bailey,* 3 Metc. 55.

The subsequent cases of *Richardson* v. *Hockenhull,* 85 Ill. 124, *Young* v. *Morgan,* 89 id. 199, *Ætna Life Ins. Co.* v. *Corn et al.* 89 id. 170, *Rogers* v. *Herron,* 92 id. 583, *Meacham* v. *Steele,* 93 id. 135, and one or two others, were all cases in which the mortgagee took a mere release of the equity of redemption in satisfaction of the mortgage debt, to prevent the trouble and expense of a foreclosure, and on the authority of *Campbell* v. *Carter* it was held that the mortgages were not discharged. See, also, *Shaver* v. *Williams,* 87 Ill. 469.

Messrs. CREA & EWING, for the appellee, made the following among other points:

1. Appellee, in taking a new mortgage, did not intend to release his first lien on the land for the balance of the purchase money. It was his intention to preserve the evidence of the lien, which had been indicated by the old mortgage from the time of the sale of the land by appellee.

The intention of appellee, it is plain, was simply that the new mortgage should take the place of the old one as evidence of a first lien on the farm for balance of purchase money. The *debt* was never cancelled. There was no intention to release or cancel the debt. That remained in full force.

· If appellee did not intend to abandon his first lien on the land, then he is entitled to the relief awarded in the decree. As to this question of intention, see *Campbell* v. *Carter*, 14 Ill. 286; *Richardson* v. *Hockenhull*, 85 id. 124; *Shaver* v. *Williams*, 87 id. 469; *Young* v. *Morgan*, 89 id. 199; *Ætna Life Ins. Co.* v. *Corn*, 89 id. 170; *Meacham* v. *Steele*, 93 id. 195.

2. Appellee gained no advantage by the new mortgage that he did not have under the old one.

If the new notes contained more than lawful interest by design, the appellee gained no advantage, as he was placed in a position to lose all interest. If the excess above the sum due was from a miscalculation, its payment could not have been enforced.

3. Appellee had what was the equivalent of a vendor's lien for purchase money, and Campbell had notice of it. There is, therefore, no equitable ground upon which he can ask the aid of the court to advance his claim so as to take precedence of the claim for purchase money.

4. Relief will be given when a mortgage is released through fraud or mistake. 2 Jones on Mortgages, pp. 61–66.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On March 19, 1869, Trotter sold and conveyed to Wright a farm of about 350 acres of land, in Cass county, for the price of $21,000, of which $6000 was paid in cash, and for the residue Wright gave his six promissory notes to Trotter, and secured their payment by a mortgage back on the land, which mortgage was recorded on the same day. The notes were payable at intervals of one year,—the last on the second day of April, 1875,—with interest at eight per cent per annum until due, and ten per cent per annum after maturity, the interest payable annually. In August, 1877, there having been only two of the six notes paid, and a considerable amount of accrued interest being due and unpaid, it was agreed between Trotter and Wright that the latter should

have four years extension of time of payment, on executing new notes and a new mortgage. One Black, acting for both parties, made a computation of the amount of principal and interest then due on the unpaid notes. For the amount found due on such computation, being $11,895, Wright, on August 30, 1877, made to Trotter four notes, one for $2895, the others for $3000 each, payable, respectively, one, two, three and four years after date, with ten per cent per annum interest, payable annually. To secure the payment of the notes, Wright executed a new mortgage on the land sold to him by Trotter, which was recorded August 31, 1877. On receiving the new notes and mortgage, Trotter surrendered the old notes to Wright, and released the old mortgage of record. Intermediate the making of these two mortgages, and on August 28, 1877, Wright executed to one Campbell a mortgage on this same land, to secure the payment of three promissory notes from Wright to Campbell, for $8400, which mortgage was recorded on the same day it was made. Afterwards, Trotter, upon discovery of the fact of this mortgage from Wright to Campbell, filed his bill, on May 10, 1878, against Wright and Campbell, for the reinstatement, as against Campbell, of Trotter's first mortgage of March 19, 1869. The circuit court granted the relief asked, decreeing that Trotter had a first charge and lien on the land for the unpaid part of the purchase money therefor, as evidenced by the four old unpaid notes of March 19, 1869, which were surrendered up on August 30, 1877, with continuing interest thereon, according to the terms of said notes. The decree was affirmed by the Appellate Court for the Third District, and Campbell and Wright appeal to this court.

Campbell took his mortgage with knowledge of Trotter's first mortgage of March 19, 1869, and as a second mortgage subordinate to Trotter's, and it should be held subordinate to that mortgage. There has nothing occurred since which, in equity, should displace its priority. The taking the new

mortgage of August 30, 1877, and entering satisfaction of the first mortgage, was, as designed by the parties, but in continuation of the lien of the first mortgage. The whole purpose was only an extension of the time of payment. The transaction was entirely irrespective of Campbell. No consideration moved from him. It was with no reference to his benefit, and should not be made to redound thereto by the advancement of his mortgage to a priority over the lien of Trotter for the unpaid portion of the purchase money for this land he sold to Wright. The entry of satisfaction of the first mortgage and surrender of the first notes was but a formality, as regarding any essential right of the parties; but it gives to Campbell's mortgage an inequitable advantage which it ought not to enjoy. It was through ignorance, in fact, of the existence of Campbell's mortgage, that Trotter entered satisfaction of the first mortgage and surrendered the notes, and which he would not have done had he known of Campbell's mortgage. This, Trotter testifies to, and the nature of the transaction itself would satisfy one that such must have been the case.

But as the new notes and mortgage appear to be, in amount, some $1400 in excess of the amount due on the old notes and mortgage, it is insisted that the giving of another mortgage, with an extension of time, was not the only consideration of the entry of satisfaction of the first mortgage, but that such excess of amount in the new notes and mortgage was an additional substantial advantage which Trotter acquired, so as to bring the case within that of *Campbell* v. *Carter*, 14 Ill. 286, and on such ground hold Trotter to the entry of satisfaction which he made. If there be such excess in the new notes and mortgage as claimed, the evidence shows it to have come through mistake in computation, and not from agreement or intention of the parties, and Trotter will not be entitled to the benefit thereof.

It is claimed, as a further additional advantage gained, that by the new notes and mortgage Trotter got interest on the accrued interest on the old ones. This was no more than he was entitled to, as he was entitled to have payment made of the accrued interest, and a suit and judgment therefor would have given the same result as respects interest.

We do not regard the present case as at all brought within that of *Campbell* v. *Carter*, and governed by the decision therein. The decree we deem right, and it is affirmed.

*Decree affirmed.*