CHARLES A. COREY v. WILLIAM ALDERMAN AND JAMES NICKERSON.

*Priority of mortgage—Fraud upon mortgagee.*

A mortgager and his grantee conspired to cheat the mortgagee thus: The grantee quitclaimed to him in satisfaction of his foreclosure decree and the mortgager then recorded a later mortgage from the grantee to himself before the quitclaim deed could be recorded. *Held,* that the later mortgage should be set aside and the quitclaim deed permitted to stand.

Appeal from Ionia. Submitted June 20. Decided Oct. 5.

BILL to set aside the discharge of mortgage. Defendants appeal. Affirmed.

*Mitchel & Pratt* for complainant.   Equity will revive or suppress an incumbrance as may be just:  *Forbes v. Moffat* 18 Ves. 384;  *Starr v. Ellis* 6 Johns. Ch. 393;  *Barnes v. Camack* 1 Barb. 396;  *Bruse v. Nelson* 35 Iowa 357;. Story's Eq. Jur. § 110, n 1; 2 Jones Mort. § 971.

*Wells & Morse* for defendants.

CAMPBELL, J.   Complainant having a purchase-money mortgage on lands in Ionia county conveyed to Nickerson in 1867, and having no personal obligation secured by it, proceeded in chancery to foreclose, and obtained a decree in March, 1879, for $4716.51.   He had begun to advertise, when Nickerson proposed to reconvey the property in satisfaction of the decree.   This reconveyance was made by quitclaim deed on the 15th of May, 1880, too late for record on that day.   On the same day, a little while before this deed was delivered, the defendant Alderman put on record a mortgage from Nickerson for the sum of $1800.   Corey executed a discharge of his mortgage at the time when the deed was made.

Corey now files his bill to set aside this discharge and have his decree and mortgage reinstated, in preference to the Alderman mortgage.   He claims that this latter was executed and recorded fraudulently, in order to cheat him out of his claim, by conspiracy between Alderman and Nickerson.   The circuit court gave the relief prayed, and defendants appeal.

The facts in the case make it clear that either complainant was trying to get a conveyance recorded first in order to defeat Alderman's mortgage, or that the latter was trying to defraud complainant.   The land is not worth enough to pay complainant in full.

We have no doubt the decree below was founded on the true state of facts.   It appears that complainant, immediately before exchanging papers, had carefully examined the records, and there is no possible motive which can be supported by the evidence, for his running any risks whatever as to priority.   In the conflict of testimony we think his

version is correct, and that the defendants got up the Alderman mortgage and procured its registry for the purpose of destroying his priority of title. It would be of little use, on a mere question of fact, to enlarge upon the details. We are satisfied of the fraud.

The court below might properly have set aside the Alderman mortgage and allowed the deed to stand. Complainant ought not to have been put to the expense of further advertising and sale. As he has not appealed the decree will have to be affirmed as it stands, with costs of both courts and $75 damages for delay.

The other Justices concurred.