## WOOSTER *v.* CAVENDER.

Decided January 24, 1891.

*Mortgage—Release by mistake—Equitable relief.*

Where a senior mortgagee in good faith and without culpable negligence satisfied the lien of his mortgage on the record, in ignorance of the existence of an intervening mortgage on the same premises, and took a second mortgage as a substitute, equity will restore the lien of the first mortgage, provided it can be done without working hardship or injustice to innocent parties. Where the junior mortgagee made further advances, after the first mortgage appeared satisfied of record, but with full notice that it was satisfied only by the execution of the second, he could not have been misled by the satisfaction.

APPEAL from *Faulkner* Chancery Court.

DAVID W. CARROLL, Chancellor.

King mortgaged to Wooster property on which he had given a prior mortgage to Cavender & Greer. The latter, subsequently and without knowledge of Wooster's intervening lien, released their lien and took a new mortgage thereon for the same debt. This suit was brought to restore the priority of the first mortgage. From a decree granting this relief, defendants, Wooster & King, have appealed.

*Samuel R. Allen* for appellant.

Appellees have no statutory rights under act of March 9, 1887 (Mansf. Dig., p. 875), and their right depends solely upon their mortgage.

Upon the satisfaction of a mortgage the property *revests* in the mortgagor, thus making the junior lien of Wooster *prima facie* paramount. Mansf. Dig., sec. 4747. The indorsement on the record is evidence that the debt is paid and security released. 42 Ark., 57. While a renewal is not a payment, it does not affect innocent parties. 36 *id.*, 71. Our statutes of registration differ from those in other States, and the effect of recording is different. 40 Ark., 536; 9 *id.*, 112; 18 *id.*, 105; 20 *id.*, 190; 22 *id.*, 136; 36 *id.*, 453; 35 *id.*, 67, 365; 25 *id.*, 156; 41 *id.*, 186. Appellees are estopped to deny knowledge of Wooster's mortgage, be-

cause it was on record.   Our statutes prescribe no method of release or satisfaction, except it shall be done on the margin of the record by the mortgagee.   *Qui facit per alium, facit per se.*   Even when the statute gives a form of cancellation, an instrument can be lawfully cancelled on the paper itself, as in this case.   18 Mo., 90; 20 Iowa, 363; 26 Cal., 595; 89 Am. Dec., 540. Appellees by their acts misled Wooster to his injury, and he should not suffer for their ignorance or mistake.

*E. A. Bolton* for appellees.

1.   The mortgage was never in fact cancelled.   The debt was never discharged or paid.   55 Texas, 365.

2.   The satisfaction must be in writing, by one authorized in writing.   Mansf. Dig., sec. 3943 *et seq.*

3.   Appellant's mortgage recited the mortgage of appellee, and *excepted it from its operation.*   He had no lien on the mules, and could acquire none until the purchase money was paid.   Nothing short of the payment of the debt it secured would in equity entitle him to the possession of the mules.   48 Ark., 260; Jones on Ch. Mortg., 2d ed., secs. 488–491.   See also 55 Tex., 365.

Release of mortgage by mistake. HEMINGWAY, J.   The appellees released the lien of a prior mortgage and took a second mortgage to secure their debt. They were ignorant that an intermediate mortgage, covering the same property, had been made to the appellant.   They would not have released their prior mortgage if they had known of the one intermediate.   The evidence discloses that they acted in good faith without culpable negligence.   The appellant made some advances under his mortgage, before the second mortgage of the appellees was executed, and while their first mortgage appeared upon the records as a paramount lien; as to those advances he understood at the time that they had the paramount lien.   He made further advances after the first mortgage appeared satisfied of record, but with full notice that it was satisfied only by the execution of the second; and he could not have been mis-

led by such record satisfaction, nor have believed that the appellees intended to postpone their lien to his. As the appellees acted in good faith and without culpable neglect under a mistake as to a material fact, it is within the ordinary powers of a court of equity to grant them relief, provided it can be done without working hardship or injustice to innocent parties. 1 Story, Eq., sec. 110; 2 Pom. Eq., sec. 849.

In cases in all respects like the present, courts of equity have extended their aid and restored the lien of the satisfied mortgage; such action, we think, is sustained by correct principle as well as by the authority of adjudged cases. *Bruse* v. *Nelson*, 35 Ia., 157; *Hutchinson* v. *Swartsweller*, 31 N. J. Eq, 205; *Cobb* v. *Dyer*, 69 Me., 494; *Campbell* v. *Trotter*, 100 Ill., 281; Jones on Mortg., sec. 971; *Corey* v. *Alderman*, 46 Mich., 540; *Young* v. *Shauer*, 35 N. W. Rep., 629; *Robinson* v. *Sampson*, 23 Me., 388; *Geib* v. *Reynolds*, 35 Minn., 331.

The judgment is affirmed.