## HARTSELL v. ROBERTS *et al.*

No. 3365.    Opinion Filed May 5, 1914.

(140 Pac. 1019.)

CHATTEL MORTGAGES—Release and Satisfaction—Junior Mortgages —Priority. The uncontradicted evidence shows that plaintiff held a mortgage on the property in controversy executed by Bowman and Davis, mortgagors, in January, 1907; that defendant in error, Roberts, held a second mortgage on the same property with same persons as mortgagors, executed and duly recorded in March, 1907; that plaintiff took back the property from the defendants, the mortgagors, Bowman and Davis, on an agreement to satisfy plaintiff's first mortgage; that while defendant Roberts' mortgage was in force, the plaintiff resold said property to the defendant Bowman, one of the original mortgagors, and took a mortgage on the same property to secure the purchase price: Held, that plaintiff's first mortgage being satisfied, his subsequent mortgage was subject to defendant Roberts' mortgage, and held, further, that the trial court committed no error in sustaining a demurrer to the evidence of plaintiff.

(Syllabus by the Court.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Action by J. C. Hartsell against Isaac Roberts and L. C. Bowman. From a judgment sustaining demurrer to plaintiff's petition, he brings error. Affirmed.

This was an action in replevin brought by J. C. Hartsell against Isaac Roberts and L. C. Bowman in the district court of Jefferson county to recover two horses and damages for their detention. At the close of the evidence for plaintiff, who is plaintiff in error here, the defendants interposed a demurrer to the

evidence, which was by the court sustained. Motion for new trial was overruled and plaintiff brings the case here by case-made and petition in error.

Plaintiff in error relies upon his second, third, and fourth assignments of error, which he groups and treats under one heading. The second assignment is for errors of law occurring at the trial and excepted to; third, that the court erred in sustaining a demurrer to plaintiff's evidence; and, fourth, that the judgment of the court is contrary to the law and evidence.

The statement of the case as made in plaintiff in error's brief is as follows; at least, we adopt so much of it as is pertinent, namely:

"There is no controversy as to what the evidence is, but the case turned upon what the effect of certain acts of the plaintiff amounted to. On the 3d of January, 1907, the defendant L. C. Bowman and one Davis executed their joint note and mortgage to plaintiff on certain property, being one of the horses involved in this suit and a mare which proved to be unsatisfactory and the plaintiff (who was selling the horses so mortgaged, to mortgagors) permitted them to return this mare and take in her place the other horse involved in this suit, which is described as a smutty brown horse branded YO with a bar over it. This substitution (of horses) was just a few days after the mortgage was given. While there was no written evidence of the substitution (but, as is contended by plaintiff), it seems to have been considered by all parties that plaintiff had a lien on this last horse, because on March 12, 1907, the same parties, Bowman and Davis, gave a mortgage to defendant Isaac Roberts in which they described the horses involved in this suit, one of them being the substituted horse, and said mortgage was taken by Roberts subject to the mortgage of plaintiff. Sometime in October, 1907, Davis and Bowman turned back the two horses and turned over the crop to plaintiff, who disclaimed any actual personal knowledge of the mortgage given to Roberts, and he gave them credit on their indebtedness and kept the property until January 18, 1908, when he sold the horses back to Bowman, one of the two men who were formerly the mortgagors, and took another mortgage from Bowman to secure the note, being part of the purchase price for the horses."

The mortgage executed by Bowman and Davis in March, 1907, to Roberts, was placed upon record at the proper places

provided for the recording of such instruments in the Southern District of the Indian Territory, and this mortgage was in force at the time plaintiff took back the horses from Bowman and Davis in the fall of 1907, and was in force at the time plaintiff, in January, 1908, sold the same horses again to Bowman alone. These mortgages were executed during the Indian Territory days, while the law of Arkansas was in force. The plaintiff did not foreclose his first mortgage of January, 1907, on the property, or take any other legal steps to assert his rights over the same, but took it back from the two mortgagors and wiped out the original indebtedness. Such is the substance of his own evidence on this point. In April, 1908, Roberts brought a suit in replevin before a justice of the peace in that county, with Bowman and Davis as defendants, and at the trial of that matter it is sufficiently shown that the plaintiff in this case was present with his brother as attorney, and heard the proceedings, and was present when the justice of the peace awarded the horses to Roberts, one of the defendants in error. This is practically the case as we glean from the record.

*Jones & Green* and *C. E. Davis,* for plaintiff in error.

*Bridges & Vertrees* and *J. H. Harper,* for defendants in error.

RUSSELL, J. (after stating the facts as above). In addition to the statement made, an examination of the evidence in full in the case-made produces the conclusion that the district court, in sustaining the demurrer to plaintiff's evidence when he rested his case, did not commit error. · It was affirmatively shown at the trial that plaintiff took no legal steps to foreclose his first mortgage, the one of January, 1907, and he had constructive notice, if not actual, of Roberts' mortgage, which was of record, and had such notice of the existence of Roberts' mortgage when he took back the property from the mortgagors regardless of the rights of Roberts, and he also had notice of Roberts' mortgage at the time he sold the same property to Bowman and took his mortgage in January, 1908; the plaintiff, himself, in his testimony, referring to the note given by Bowman and Davis, mortgagors,

in January, 1907, saying that, while such note was not paid in money by Bowman and Davis, yet that:

"They turned their stuff back to me in November, 1907, and finished their business with me on that date, and turned the stuff back to me in lieu of what they owed me. In January after that, Bowman came and wanted to buy some of the property back and make a crop with me, and I sold him two horses and some other things."

Further on, in answer to this question, he said:

"Q. And about November, 1907, Bowman and Davis turned you back this property? A. Yes, sir. Q. In settlement that you (meaning plaintiff) and Mr. Bowman and Davis had at the time? A. Yes, sir; let it pay for itself. Q. And you accepted the property when it was turned back to you? A. Yes, sir. Q. And then again in January, 1908, you resold this property back to Mr. Bowman and took another mortgage? A. Yes, sir. Q. And in January, 1908, when you took a mortgage from Bowman and Davis the record shows that he (Roberts) had a mortgage on the property? A. Yes, sir. Q. And that is the same property in controversy in this suit? A. Yes, sir."

Section 5034, Ind. T. Ann. St. 1899, provides that a mortgage upon chattels creates a lien; and section 3070 of the same statutes provides the manner in which the lien shall be foreclosed. In the case at bar the plaintiff did not resort to foreclosure proceedings of any kind, but voluntarily canceled the obligation that he had, a first mortgage, and released it by accepting a settlement under it, which he testifies to, and this was done at a time when defendant's mortgage was alive and in force and, therefore, superior to his mortgage taken in January, 1908, after the one of the original mortgagors' upon the same property, he having kept the property in his possession after the settlement with his first mortgagors for about two months.

The case is too plain for further discussion, the facts being understood to exist as they do, and the district court did not commit error in sustaining the demurrer to the evidence relied upon by plaintiff when he rested his case. The authority cited by plaintiff, *Wooster v. Cavender,* 54 Ark. 153, 15 S. W. 192, in our judgment, is not applicable. The case of *Edmisson v. Drumm-Flato Com. Co.,* 13 Okla. 440, 73 Pac. 958, presents a

much stronger state of facts, and in that case the Supreme Court of Oklahoma Territory, by Chief Justice Burford, affirmed the action of the lower court in sustaining a demurrer to the evidence.

The judgment in this case is affirmed.

All the Justices concur.