## BEATY v. FIRST NAT. BANK OF BRISTOW.

No. 14460—Opinion Filed May 12, 1925.

Rehearing Denied Feb. 23, 1926.

### Chattel Mortgages—Priority — Satisfaction of First Mortgage by Private Sale—Effect.

The uncontradicted evidence in this case shows that the appellee, bank, held a mortgage on the property in controversy, executed by Sensely, mortgagor, in October, 1919; that the appellant, Beaty, held a second mortgage on the same property, with same person as mortgagor, executed and duly recorded in December, 1919; that the appellee, bank, thereafter took back the property from the said Sensely, mortgagor, in satisfaction of appellee's first mortgage, and while the second mortgage to appellant, Beaty, was in force the appellee, bank, sold at private sale said property to one Norman, without attempting to foreclose its mortgage, and took a mortgage on the same property from the said Norman to secure the purchase price. Held, that appellee's first mortgage being satisfied, the mortgage of appellant, Beaty, became a first mortgage, and appellee's subsequent mortgage was a junior lien and subject to the mortgage of appellant.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by the First National Bank of Bristow against D. M. Beaty. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Twyford & Smith and Ward Goble, for plaintiff in error.

C. H. Shubert and W. J. Davidson, for defendant in error.

Opinion by JONES, C. This is an appeal from the judgment of the district court of Oklahoma county, wherein the defendant in error, First National Bank of Bristow, was plaintiff and the plaintiff in error, D. M. Beaty, was defendant. The action was to recover the sum of $625, alleged to be the value of certain personal property of which the plaintiff was the owner and entitled to possession and which had been wrongfully converted by the defendant, Beaty, to his own use and benefit.

The defendant, Beaty, filed his answer, in which he generally denies all of the allegations of plaintiff's petition, except such as are admitted, and specifically denies that he wrongfully converted the property involved in this controversy.

Upon the trial of the case to the jury, judgment was rendered in favor of the plaintiff and against the defendant, from which this appeal is prosecuted, and numerous specifications of error are assigned, but in our judgment there is only one question necessary to be determined. The facts, as disclosed by the record, show that the appellee, bank, took a mortgage on the property in controversy from one Sensely on October 4, 1919, at Bristow, Creek county, Okla.; that said mortgage was duly filed for record in Creek county on October 8, 1919. About three weeks later the said Sensely, mortgagor, removed the property in controversy from Creek county to Oklahoma county. On December 6, 1919, Sensely gave a second chattel mortgage on said property to D. M. Beaty, appellant herein, which was duly filed for record in Oklahoma county on December 20, 1919. A short time thereafter the said Sensely turned the property over to one Garfield Norman, who resided in Oklahoma county, and directed Norman to turn the property back to appellee, bank, in settlement of Sensely's indebtedness. The said Norman went to the bank at Bristow and notified said bank that he had the property in his charge, and was directed to turn same back to the bank, whereupon the bank negotiated a sale of the said property to the said Norman on January 26, 1920. This sale was made as a private sale without any notice being given, as required by law in foreclosure proceedings; in fact no notice of any character was given of the sale, and a new mortgage, or third mortgage, was taken by the appellee, bank, from the said Norman covering the property to secure the purchase price, and was thereafter duly recorded in Oklahoma county, and at the time this mortgage was executed and recorded, the second mortgage held by the appellant, Beaty, was of record and in full force and effect. Thereafter Beaty, the appellant in this case, instituted an action in replevin in the justice court of Oklahoma county to recover possession of the property here involved and covered by his mortgage executed by the said Sensely, for the purpose of foreclosure, and upon the trial of the case obtained judgment for possession of said property.

The case was appealed by the defendant in that action, Norman, to the district court, and upon the trial in the district court judgment was again obtained by the plaintiff, Beaty, and against the defendant, Norman, for the possession of the property, and thereafter said property was sold under the terms of the mortgage by the sheriff of Oklahoma county, after due notice had been

given as required by law, and the said D. M. Beaty, plaintiff in the case, being the highest and best bidder, became the purchaser of same.

The evidence further discloses that the appellee, First National Bank of Bristow, in the instant case, had full knowledge of the proceedings in the case of D. M. Beaty v. Garfield Norman, heretofore referred to, and employed counsel to represent the said Norman in the case. And the question here involved is, whether or not the sale of the property by the bank to Norman without any notice as required by law, subsequent to the execution and recording of Beaty's mortgage, extinguished the lien held and created by the first mortgage from Sensely to the appellee, bank, and thereby causing Beaty's mortgage to become a first lien upon the property, and a prior or senior lien to the lien created by the mortgage executed by Norman to said bank, subsequent to the execution and filing of the Beaty mortgage. Upon the trial of the case the defendant, Beaty, requested the court to give the following instruction:

"You are instructed that if the bank took possession of the property in question under its mortgage of October, 1919, and sold it to Garfield Norman without giving the statutory notice of ten days, and then took back a mortgage from Norman and filed same after the mortgage of D. M. Beaty was made and placed on record, then the plaintiff bank would waive the October mortgage."

Which was by the court refused and exceptions taken and allowed. We think this instruction substantially states the law of the case, and that the court committed reversible error in refusing to give same, in view of the fact that the court gave no instruction submitting this issue to the jury. This question has heretofore been decided by this court in the case of Hartsell v. Roberts, 40 Okla. 727, 140 Pac. 1019, which involved the identical questions raised in this case.

In the Hartsell-Roberts Case, Hartsell held a mortgage on the property involved, executed by Bowman & Davis, mortgagors, in January, 1907. The defendant, Roberts, held a second mortgage on the same property with the same mortgagors, executed in 1907, subsequent to the Hartsell mortgage. During the year of 1907, Bowman & Davis, mortgagors, turned the property in question back to Hartsell in settlement of the indebtedness existing and secured by the mortgage, and at a time while the Roberts mortgage was in force, and thereafter in the early part of 1908, Hartsell sold the property to Bowman, one of the original mort-

gagors, at private sale, without giving notice, and took a mortgage securing the purchase price of said property from Bowman, and in passing upon the rights of Hartsell and Roberts the court held:

"That plaintiff's first mortgage being satisfied, his subsequent mortgage was subject to defendant in error, Roberts', mortgage; and held, further, that the trial court committed no error in sustaining a demurrer to the evidence of plaintiff."

This case is identical, in our judgment, with the case at bar, and clearly decides the question involved in favor of the contention of plaintiff in error in this case. Many other authorities are cited in support of this rule. Edmisson v. Drumm-Flato Comm. Co., 13 Okla. 440, 73 Pac. 958; Continental Gin Co. v. DeBord, 34 Okla. 66, 123 Pac. 159; Everett v. Buchanan, 2 Dak. 249, 6 N. W. 439. And in view of the authorities, we deem it unnecessary to pass upon the other questions raised, and we recommend that the case be reversed, and there being no conflict as to the facts, be remanded to the trial court, with directions to render verdict in favor of the defendant, Beaty.

By the Court: It is so ordered.