John Lewis, Appellee, v. Robert Kennon Renfro et al., Appellants.

term, 1936. Heard in this court at the October Opinion filed June 3, 1937. Rehearing denied July 30, 1937.

Leon A. Culp, of Marion, and Loyd M. Bradley, of Carbondale, for appellants.

Orwin H. Pugh, of Murphysboro, and Clarence E. Wright, of Carbondale, for appellee.

Mr. Justice Murphy delivered the opinion of the court.

Appellee filed this suit to foreclose a mortgage and to remove certain deeds as having been made in fraud of his rights as a judgment creditor. Defendants named included appellants and 11 other individuals and corporations. It was alleged that the defendants, other than appellants, had or claimed to have some interest in the mortgaged premises as purchasers, mortgagees, judgment creditors or otherwise and that such interest, if any, accrued subsequent to plaintiff's rights under the mortgage and judgment. All defendants, other than appellants, did not appear in the trial court and were defaulted. A decree was entered in favor of appellee and appellants filed a notice of appeal to the Supreme Court and that court transferred the cause to this court.

Appellee and Sparta Building and Loan Association, who had been named a party defendant and defaulted, filed a motion to dismiss the appeal on the ground that appellants had not complied with Rule 34 of the Supreme Court rules. That part of the rule which appellee claims to have been ignored is that a copy of the notice by which the appeal is perfected shall be served upon each appellee and upon any coparty who does not appear as appellant. Appellants did not serve the defendants who defaulted, with a copy of the notice of appeal; the only party served was appellee.

By section 74 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 202; Jones Ill. Stats. Ann. 104.074 (chapter 110, section 198, Smith Hurd), every reviewable judgment or decree is subject to review by notice of appeal and such review is a continuation of the proceeding in the court below.

Section 79 of the act, Ill. State Bar Stats. 1935, ch. 110, ¶ 207; Jones Ill. Stats. Ann. 104.079, authorizes the Supreme Court to prescribe the manner of giving

notice and it has been held that rules of court when established have the force of law, *People v. Callopy,* 358 Ill. 11, and are obligatory upon the court itself as well as the parties to the cause coming before it. *Lancaster v. Waukegan & S. W. Ry. Co.,* 132 Ill. 492; *Bender v. Alton R. Co.,* 284 Ill. App. 419.

At the time of filing the complaint the defendants that defaulted were coparties of appellants and there is nothing in the Civil Practice Act or in Rule 34 that makes any distinction between coparties who have defaulted and those that have not in so far as the question of notice of appeal is concerned. Paragraph 2 of Rule 34 makes provision for service upon a party who is not represented by an attorney, and Rule 35 refers to coparties who do not join in the notice of appeal and gives them the right if they so desire to join as appellants or if their interests are in conflict with those of the appellant, they may prosecute a separate appeal in the same suit. By default in the trial court a defendant would be precluded from raising many questions on appeal but the statute directs that the appeal is the continuation of the cause and we are of the opinion that the rule requires notice of appeal to all coparties whether in default or not to the end that all parties will be before the court until a final determination of the cause.

The Civil Practice Act has broadened the scope of causes of actions and controversies between parties that may be litigated in a single suit and provides that all methods of review theretofore existing shall be by notice of appeal. In view of this provision it would seem that all parties even though defaulted, should be considered as parties to the record requiring notice of appeal, until all matters involved are finally adjudicated by a court of review.

The right to have a case reviewed on appeal was unknown at the common law and exists only by virtue

of statutory enactments, *Anderson v. Steger*, 173 Ill. 112; *Ziegler v. Gilliatt*, 263 Ill. 587, and any party who wishes to avail himself of the statutory right must conform to the statute and rules of court adopted pursuant to such statute. *Coal Belt Electric Ry. Co. v. Kays*, 207 Ill. 632; *Conklin v. Tobey*, 224 Ill. App. 142; *Berkel v. Schmitt*, 244 Ill. App. 437. Courts of review will not vary the application or interpretation of the rules to suit the contingencies of a particular case, *Bender v. Alton R. Co.*, 284 Ill. App. 419.

For the reasons assigned the appeal is dismissed.

*Appeal dismissed.*