LEYDEN FIRE PROTECTION DISTRICT, Plaintiff-Appellee, *v.* TOWNSHIP BOARD OF LEYDEN TOWNSHIP *et al.*, Defendants.—(TOWNSHIP BOARD OF LEYDEN TOWNSHIP *et al.*, Defendants-Appellants.)

(No. 59428;

First District (2nd Division)—February 11, 1975.

*Rehearing denied April 4, 1975.*

De Munno and Spina, of Elmwood Park (Philip J. McGuire, of counsel), for appellants.

No appearance for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

This appeal stems from a declaratory judgment action brought to determine which unit of local government had the authority to appoint a board of trustees for the plaintiff Leyden Fire Protection District.

Pursuant to section 4 of "An Act in relation to fire protection districts" (Ill. Rev. Stat. 1971, ch. 127½, par. 24), various authorities appointed four individuals to the three trusteeship positions. The Circuit Court of Cook County appointed Michael Frankiewicz, whose right to office is not at issue. Defendant Township Board of Leyden Township appointed (the record does not disclose the date of such appointment) Richard C. Blomberg and James Robinson; and George W. Dunne, President of the Board of Commissioners of Cook County, on September 19, 1972, appointed Thomas Calvo.

In light of the surplus of appointees, plaintiff, on December 7, 1972, filed its complaint for declaratory judgment seeking a declaration as to which trustees were properly appointed. The Township Board of Leyden Township, all five of its members, and the President and members of the Board of Commissioners of Cook County were named as defendants. The township board and its members filed an answer to the complaint; however, there is nothing in the record to indicate either service on or an answer filed by the President or members of the Board of Commissioners of Cook County. Plaintiff thereafter filed a motion for judgment on the pleadings.

Based upon these pleadings, the trial court entered its order declaring

that the "President of the Cook County Board" (*sic*: Board of Commissioners of Cook County) was the proper appointing authority for plaintiff; that Blomberg and Robinson were not qualified to act as trustees; and that Calvo and one Robert Koenig[1] were the legally appointed and duly qualified trustees of plaintiff.

Defendants township board and its members now prosecute this appeal form that order.

We note at the outset that only one brief has been filed in this matter—that of the township board and its members. The President and members of the Board of Commissioners of Cook County submitted no brief, and our search of the entire record reveals that, while appellants have filed their notice of appeal, there is no evidence that they served notice of their appeal upon the President of the Board of Commissioners of Cook County, any of its members, or the "County of Cook, a municipal corporation" as described in the complaint.

Supreme Court Rule 303(d) specifically provides that:

> "No later than 7 days after the notice of appeal or an amendment as of right is filed in the circuit court, the party filing it shall serve, in a manner provided by Rule 11, a copy of the notice of appeal and notice of the date of filing upon every other party and upon any other person or officer entitled by law to notice of the appeal. Proof of service must be filed within 7 days after service is made, and no action shall be taken until it is filed." Ill. Rev. Stat. 1973, ch. 110A, par. 303(d).

Supreme Court Rule 11 sets forth the manner of service and Rule 12 sets forth the requirements for proof of service in the trial and reviewing courts.

The question then becomes whether a party who has defaulted in the lower court is entitled to be served with a notice of appeal when, as here, there is nothing in the record to establish service was ever effected in the trial court or in this court.

In *Lewis v. Renfro* (1937), 291 Ill.App. 396, 9 N.E.2d 652, the Fourth Appellate District dismissed defendant-appellants' appeal from a judgment in a mortgage foreclosure action where they had not served a notice of appeal upon those defendants who failed to appear in the trial court. In its opinion the court noted that the Civil Practice Act makes no "* * * distinction between coparties who have defaulted and those that have not in so far as the question of notice of appeal is concerned." (291 Ill.App. 396, 398.) Recognizing that a defaulting defendant would

---

[1] Mr. Koenig was first mentioned in the trial court's order. No prior reference to him was made either in the pleadings or in the transcript of the trial proceedings.

be precluded from raising many questions on appeal, the court stated that nonetheless:.

> "[T]he statute directs that the appeal is the continuation of the cause and we are of the opinion that the rule requires notice of appeal to all coparties whether in default or not to the end that all parties will be before the court until a final determination of the cause." (291 Ill.App. 396, 398.)

The court further noted that, as the right of appeal exists solely by virtue of statutory enactment, any party availing himself of that right must conform with the statute's provisions.

The First Appellate District, however, took a contrary position on the same issue. In *People ex rel. Wilmette State Bank v. Village of Wilmette* (1938), 294 Ill.App. 362, 13 N.E.2d 990, the court refused to dismiss the appeal for failure to serve notice upon a defaulting party, reasoning that:

> "Rule 34 of our Supreme Court * * * does not require that a copy of the notice of appeal be served on *all parties* to the proceeding in the trial court. The rule requires service of notice, 'upon each appellee and upon any coparty who does not appear as appellant.' Obviously this rule ought not to be so construed as to require that notice be served on the defaulted party where he does not appear by attorney or personally." (Emphasis in original.) 294 Ill.App. 362, 370.

A short time thereafter our supreme court considered the question in *Kaminskas v. Cepauskis* (1938), 369 Ill. 566, 17 N.E.2d 558. There the court concluded that certain parties who had defaulted in the trial court had no interest which would be adversely affected by the disposition of the case on appeal. Such being the case, the court declined to dismiss the appeal for failure to serve notice of appeal upon the defaulting parties.

At the time of the supreme court's decision in *Kaminskas*, Rule 34 was similar in its essential parts to Supreme Court Rule 303(d), which is currently in effect.[2] During the intervening period the statute had been amended to require service of notice of appeal only upon parties "* * * who would be adversely affected by any reversal or modification of the

---

[2] Rule 34 provided in part as follows:

"A copy of the notice by which the appeal is perfected shall be served upon each appellee and upon any coparty who does not appear as appellant, and upon any other person or officer entitled by law to a notice of appeal, within five days after said notice of appeal is filed in the lower court." (Ill. Rev. Stat. 1937, ch. 110, par. 259.34.)

order, judgment or decree." (Ill. Rev. Stat. 1939, ch. 110, par. 259.34.)[3] In 1967, Rule 303(d) was amended to direct that notice be served upon "every other party." This amendment easily infers an intention that every party to the original action must be served with notice of appeal regardless of whether it might or might not be adversely affected by the appellate court's determination. For present purposes, however, we need not infer such a broad interpretation of the rule. In the instant case the trial court upheld the authority of the "President of the Cook County Board" to appoint the trustees of the plaintiff fire protection district. On appeal defendants-appellants township board and its members request that this court reverse that decision and hold that said appellants are the proper appointing authority. Were we to agree with appellants' position, then our reversal of the trial court's judgment would deprive the President of the Board of Commissioners of Cook County of the benefit of the trial court's favorable interpretation of his authority under section 4(3) of "An Act in relation to fire protection districts."[4] In short, it is clear that the President of the Board of Commissioners of Cook County could be adversely affected by the outcome of this case on appeal. Thus, even accepting the more narrow interpretation of Supreme Court Rule 303(d), the President and members of the Board of Commissioners of Cook County were entitled to be served with notice of this appeal.

It is crystal clear from the record before this court that George W. Dunne, President of the Board of Commissioners of Cook County, was never served, either in the trial or in this court; that Rules 303(d), 11 and 12 of the supreme court were not complied with. Accordingly, we must dismiss this appeal for defendants-appellants' failure to comply with the rules.

Appeal dismissed.

STAMOS and HAYES, JJ., concur.

---

[3] In the years since this amendment our supreme court has declined to dismiss an appeal where the unserved party would not be adversely affected by the outcome of the case on appeal. *E.g., Hofing v. Willis* (1964), 31 Ill.2d 365, 367, 201 N.E.2d 852; *Bryant v. Lakeside Galleries, Inc.* (1949), 402 Ill. 466, 470-71, 84 N.E.2d 412; *Smith v. Farmers' State Bank* (1946), 392 Ill. 456, 460-63, 64 N.E.2d 879.

[4] Section 4(3) (Ill. Rev. Stat. 1973, ch. 127½, par. 24(3)) reads as follows:
"(3) If the district is wholly contained within a single county, the trustees for the district shall be appointed by the county board except in the case of home rule counties as defined by Article VII, Section 6 of the Constitution of 1970 in which case the trustees shall be appointed by the chief executive officer of the county with the advise and consent of the county board; * * *."